HALLACK ET AL. v. STOCKDALE ET AL.

APPEAL — WEIGHT OF EVIDENCE.— Where the questions in a case are purely of fact, the supreme court will not interfere with the verdict of the jury when there is evidence to warrant its findings.

*Appeal from District Court of Arapahoe County.*

Messrs. DECKER & YONLEY, for appellants.

Messrs. BROWNE & PUTNAM, for appellees.

REED, C. This was an action of trespass for cutting timber, in which treble damage was claimed, under section 2408, page 738, General Statutes. Appellees, plaintiffs below, were the owners of about one thousand four hundred and twenty acres of land in Park county, covered more or less with timber, and alleged in their complaint that the defendants, without leave of plaintiffs, and without lawful authority, entered upon the land, cut and carried away two thousand five hundred timber trees of the value of $3,000,— praying judgment for $9,000.

The answer was specific denial of all the allegations in the complaint. The case was tried to a jury, and verdict found for the plaintiffs, and judgment for $2,856 against the defendants Erastus F. and Charles Hallack.

Morris was not served, and did not defend, and no judgment was taken against him.

There are several errors assigned. The first to tenth, both inclusive, and the twelfth are upon the alleged admission of improper testimony to prove the appellants' connection and their relations with Morris, and their consequent liability to the plaintiffs for the alleged injuries. These supposed errors are neither argued nor discussed in the argument for appellants, and may be regarded as having been waived.

Neither upon the trial nor in argument was the question raised whether the case was one, if made, that entitled plaintiffs to treble damages, under the statute. That it was within the intention and purview of the statute appears to have been conceded. In the opening paragraph of their argument, counsel for appellants say: "The facts are that John Morris was running a saw-mill near the appellees' land, and had cut from two thousand eight hundred to three thousand trees from their lands, and had sawed them into lumber, and a great portion of the lumber had been shipped to Erastus F. Hallack by Morris."

They also say, on page 2 of their argument: "There were no exceptions on the trial to the instructions of the court to the jury by either party; and we are of the opinion that the instructions stated the law clearly and correctly, and, if the jury had heeded them, there would have been a verdict for the appellants."

The facts conceded in the first paragraph, and the admission of the correctness of the instructions of the court as to the law covering the case, greatly simplifies the examination; and, under the remaining errors assigned, the controversy is narrowed to two questions: *First.* Was the jury warranted, under the evidence, in finding the relations existing between appellants and Morris such as to render appellants liable for the destruc-

tion and conversion of the timber? *Second.* Were the damages excessive?— both purely questions of fact.

It must be conceded that the testimony was contradictory; much of it vague and undeterminate; but there was testimony upon which the verdict, both as to the liability of appellants and amount of damage, might properly be predicated. It cannot be said there was not evidence to support it, nor can it be said that the verdict was greatly against preponderating evidence.

It is a well-settled rule of this court, as well as of all courts of appellate jurisdiction, and a cardinal principle, that the jury is the final and only tribunal to determine questions of fact, and that where facts are so found the finding will not be disturbed by the appellate court, unless misinstructed by the court, or the verdict is so palpably incorrect as to show bias, prejudice, or a wanton disregard of the duties and obligations of jurors; and this rule is well established in, and sustained by, reason. Jurors, before whom witnesses are brought, and the judge of the trial court, being confronted with the witnesses, have opportunities of judging, from their personal appearance and manner of giving their testimony, of their credibility, which the appellate court cannot have. It is the experience of every trial judge and lawyer that the weight of evidence does not depend upon the number of witnesses testifying to a particular fact, but upon the character and disinterestedness of the party. In many cases the testimony of several characterless witnesses, evidently employed for the occasion, or swearing in their own interest, might be overcome by the testimony of one disinterested man of known probity and integrity, and these discriminations are peculiarly within the province of the jury, who may, from their opportunities and the attending circumstances, utterly disregard testimony that might, when incorporated into the record unimpeached, be considered by the appellate court as controlling.

Another cogent reason for the strict adherence of appellate courts to the rule above laid down is the fact that the trial judge, having the same opportunities for observation as the jury, can determine whether the jury are honestly and conscientiously performing their duty; and, if he is of the opinion that they are not, and that the verdict was the result of bias and prejudice, and made in disregard of duty, he can at once set it aside, and order a new trial. Where, as in this case, the questions are purely of fact, and the jury being the only tribunal for their determination, appellate courts will not interfere, where there is evidence to support the verdict.

In this case there was evidence to warrant the findings, both as to the liability of appellants and the amount of damage. The verdict in the case was for the amount before stated. There is nothing to show whether the jury found it as actual or triple damage. The court very properly required counsel to stipulate that it should be taken as treble damages, under the statute, or, in other words, that the sum should be taken as full satisfaction. If it had been taken as the amount of actual damage, it might have been considered excessive if trebled, which it is conceded plaintiffs might recover. Taken as triple damage, it must be, under the evidence, regarded as moderate, and fully warranted. The judgment should be affirmed.

RICHMOND and PATTISON, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment is affirmed.

*Affirmed.*