## No. 10,186.

## KENDRICK *v*. PRICE.

Decided November 7, 1921.

Action by real estate broker for commission. Judgment for plaintiff.

### *Affirmed.*

### *On Application for Supersedeas.*

1. APPEAL AND ERROR—*Verdict.* A verdict supported by the evidence will not be disturbed on review.

*Error to the District Court of El Paso County, Hon. Arthur Cornforth, Judge.*

Messrs. ORR & LITTLE, for plaintiff in error.

Mr. W. D. LOMBARD, Mr. C. B. HORN, Mr. EUGENE D. PRESTON, for defendant in error.

*Department Three.*

MR. JUSTICE BURKE delivered the opinion of the court.

DEFENDANT in error brought this action against plaintiff in error to recover $3500 commission on the sale of real estate, and a balance of $169.06 on an open account. Plaintiff in error denied generally as to the commission, admitted as to the open account, and counter claimed for $2240 commission on sale of real estate alleged to be due him from defendant in error on a separate transaction. Defendant in error denied as to the counter claim. From verdict and judgment against plaintiff in error in the sum of $3452.51 this writ is prosecuted. The cause is now before us on an application for supersedeas. The parties are hereinafter designated as in the trial court.

Twenty-seven alleged errors are assigned. Two propositions only are seriously urged in the briefs of counsel for

defendant. 1. The refusal of the court to sustain defendant's motion for a non-suit, made at the close of the taking of all testimony, and based upon the assertion that the evidence was insufficient to establish that plaintiff was the procuring cause of the sale, and did establish that the purchaser was procured by the defendant himself. 2. That the verdict is unsupported by the evidence and is the result of passion, caprice and prejudice, as shown by the alleged fact that no computation permissible under the evidence and the instructions could justify the sum awarded. Briefly stated the sole question thus presented is, "Is the verdict supported by the evidence?" The determination of this question has thus necessitated an examination of the entire bill of exceptions of 142 pages. This we have read with great care.

1. Plaintiff testifies to a contract between himself and defendant under the terms of which he was to receive a commission of $3500 for finding a purchaser for defendant's 1750 acres of land at $30 per acre, which contract he fulfilled by producing one Bell who bought at that price. Defendant admits a contract with plaintiff for such a commission in the sum of $2500 for producing a cash purchaser, but asserts that he, and not the plaintiff, produced the purchaser Bell.

Defendant testifies to a contract for a commission for producing a purchaser for plaintiff's 320 acres of land, said commission to be such sum over $20 per acre as the land sold for; that he did produce such a purchaser who bought at $27 per acre, whereby the sum of $2240 was earned. Plaintiff denies this contract, but admits an offer to sell his land to defendant for $20 per acre, cash, which offer he says was never accepted, but merely met by defendant with a counter proposition of $18 per acre contingent upon defendant's sale of his 1750 acres.

The law of this jurisdiction governing commissions on the sale of real estate is well settled and there are no substantial conflicts in the authorities. Many of the cases are cited in the briefs of counsel. We are in full accord

with these decisions and it is not here necessary to review them, nor can any good purpose be served by abstracting the evidence before us. Suffice it to say that it is conflicting and an examination of the transcript alone might lead us to a conclusion different from that reached by the jury. Bell, the purchaser of defendant's land, lived in Texas. It is undisputed that he saw some of defendant's literature there and was contemplating a trip to Colorado to examine lands in the vicinity of defendant's; that he there became acquainted with plaintiff's brother, through whose initiative plaintiff opened up a correspondence with him, describing defendant's ranch as one of the properties for sale; that he came to Colorado, on his first visit, accompanied by plaintiff's brother and at a time when defendant was absent from the state; that plaintiff showed him defendant's ranch, among others, and interested him in it. It is not clear that Bell had any actual correspondence with defendant before leaving Texas, or knew through any source than plaintiff that defendant's ranch was for sale. The jury may well have concluded from this evidence that plaintiff had produced the purchaser and was entitled to the commission.

The evidence is in the same condition as to the counter claim and, though conflicting, the jury may well have determined therefrom that the contract alleged between the parties for the sale of plaintiff's 320 acres never existed.

2. The pleadings and instructions alone present no justifiable basis for the sum returned in the verdict, but there was offered in evidence a communication from plaintiff to defendant, under date of November 3, 1920, plaintiff's purported statement of account with a five per cent credit of commission on this transaction, in the sum of $432, which plaintiff explained by saying that although there was no contract therefor he had in fact sold his land to customers whom defendant had brought from the State of Iowa, had failed to interest in property of his own, and thereafter introduced to plaintiff; that by reason of these facts he had then considered it an act of simple justice to make such an

allowance and was still willing to do so. Assuming that the jury took plaintiff at his word and gave defendant this credit in making their computations the sum returned is easily accounted for, is justified by the evidence, and was within the province of the jury. Whatever plaintiff might now say as to that credit defendant was clearly not prejudiced thereby and cannot be heard to complain.

We are thus forced to the conclusion that the verdict before us is supported by the evidence and cannot be disturbed.

*Hallack, et al. v. Stockdale, et al.,* 14 Colo. 198, 23 Pac. 340.

Aside from the matters already considered this record doubtless discloses a few minor errors, none of which, however, could in our opinion be held prejudicial. The supersedeas is accordingly denied and the judgment affirmed.

MR. JUSTICE TELLER sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE BAILEY concur.