## No. 10,016.

### STONE, ET AL. v. THE PEOPLE.

Decided February 6, 1922. Rehearing denied March 6, 1922.

Plaintiffs in error were convicted of highway robbery.

*Affirmed.*

1. CRIMINAL LAW—*Continuance.* The matter of a continuance rests in the sound discretion of the court, and under the facts of this case it is held the discretion was not abused.

2. *Statutory Construction—Offense on County Line.* Under the provisions of section 1974, R. S. 1908, where a criminal offense is committed on a public highway between two counties, the trial may be had in either county.

3. *Special District Attorney—Appointment.* The condition precedent for the appointment of a special district attorney having been found by the court, and there being nothing in the record

to rebut the correctness of the finding, error assigned thereon is overruled.

4.       *Severance.*  Where a motion for severance under the provisions of section 1981, R. S. 1908, was denied, and on the trial no objection was made on behalf of either defendant to any evidence which could by any possibility be considered as admissible against one and inadmissible against the other, the ruling of the court in denying the motion is upheld.

5.       *Endorsement of Witnesses.*  The names of witnesses, the materiality of whose testimony is first learned by the district attorney upon the trial, may be properly endorsed on the information by order of court, in the absence of any showing by defendants of surprise or prejudice.

6.       *Sufficiency of Evidence.*  Evidence reviewed and held sufficient to support a verdict of guilty.

7.  APPEAL AND ERROR—*Jury Findings.*  Findings of a jury upon conflicting evidence will not be disturbed on review.

*Error to the District Court of Jefferson County, Hon. S. W. Johnson, Judge.*

Mr. WILLIAM A. BRYANS, JR., Mr. GEORGE B. CAMPBELL, for plaintiffs in error.

Mr. VICTOR E. KEYES, attorney general, Mr. CHARLES R. CONLEE, assistant, for the people.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFFS in error, (hereinafter referred to as defendants) were convicted of highway robbery and sentenced to a term of five to six years in the penitentiary. To review that judgment they sue out this writ.

Of the nineteen errors alleged the following propositions are presented in the briefs:   1.   The denial of Woeber's motion for a continuance.   2.   That the crime, if any, was not committed in Jefferson County.   3.   The appointment by the court of A. D. Quaintance to represent the people

in the trial. 4. The overruling of Stone's motion for a severance. 5. The endorsement on the information of the names-of two witnesses at the beginning of the trial. 6. That the verdict is not supported by the evidence.

1. When the case was called for trial defendant Stone was represented by attorney Bryans. Defendant Woeber was asked by the court if he had counsel. He said he had, one Waldron, who could not be present because he was trying cases in the city of Denver. The judge replied that Waldron had said that he was not attorney for the defendant. Woeber informed the court that he had seen Waldron that morning but that he, Woeber, could handle the case himself, saying, "I think I could go to trial without an attorney." Thereupon the court appointed Mr. George B. Campbell to represent this defendant. Woeber first objected to going to trial under the circumstances. The court reminded him that when the cause was set and he and attorney Waldron present they were informed that the cause must be tried, that a jury could not be kept longer, that Waldron had been notified, and that he had not asked a continuance.

"Mr Woeber. Wouldn't you reconsider and appoint Mr. Bryans as my attorney?

The Court. Sure if Mr. Bryans will serve.

Mr. Woeber. Is that all right with you Mr. Bryans to represent me?

Mr. Bryans. I have no objection to Mr. Campbell assisting in this case; I would be delighted to have him. I have known this young man a long time. * * * I would try to protect his interests * * *.

The Court. If Mr. Bryan's client Mr. Stone should in any way be interested opposite to you (Woeber) I would not want him to represent but one of you. I appointed Mr. Campbell so as to look after you especially."

The record discloses nothing contrary to the foregoing. No further objection appeared and no additional showing was made. No exceptions were saved. That this matter rested in the sound discretion of the court and that that

discretion was not abused seems clear.   *Roberts v. People,*
9 Colo. 458, 465, 13 Pac. 630; *Byers v. McPhee, et al.,* 4
Colo. 204, 207.

2.   The transaction in question occurred on the fenced
public highway dividing the counties of Jefferson and
Arapahoe.   It is contended that the center of this highway
is the county line and that the acts here under investiga-
tion were performed on the Arapahoe side thereof, hence
the cause should have been tried in Arapahoe County.
Section 1974 R. S., 1908 provides:

"When an offense shall be committed on a county line,
the trial may be in either county divided by such line."

If the word "line" here used is to be given its geometri-
cal definition, if it is merely the shortest distance between
two points and has neither breadth nor thickness, defend-
ants' argument has merit.   Our constitution merely pro-
vides that the accused shall be entitled to trial "by an im-
partial jury of the county or *district* in which the offense
is alleged to have been committed."   Art. II, sec. 16, Colo.
Const.

It is inconceivable that the legislature, in the enactment
of section 1974, *supra,* had in mind a geometrical "line",
or were indulging in any such hair-splitting in the pas-
sage of the statute.   It merely took cognizance of the fact
that in most cases these county lines are highways and
that numerous offenses similar to the one charged here
are committed thereon in every jurisdiction.   That inter-
pretation is a reasonable one, is consistent with the con-
stitutional provision above cited, and involves no prejudice
to the defendants.   We therefore unhesitatingly adopt it.

3.   When this cause came on for trial the district at-
torney, who had filed the information, was not present,
and the court appointed Mr. Quaintance to prosecute.   Mr.
Bryans objected orally because no showing had been made
justifying the appointment.   The court made an oral find-
ing that "the district attorney is not performing the duties
of his office and he is absent from the court and that there
is no one, no official of his office, who is here able to per-

form the duties of the office of the district attorney."

"In case the district attorney shall fail to attend upon the criminal court at any term thereof, or part of any term, such court shall appoint some competent attorney-at-law as special district attorney, who shall in the meantime perform the services of the district attorney."    Sec. 1577 R. S. 1908.

The statutory condition precedent to such an appointment appears to have existed and been found by the court and the record discloses nothing to rebut the presumption of the correctness of that finding, hence the legality of the appointment. *Roberts v. People,* 11 Colo. 213, 17 Pac. 637.

4.    Section 1981 R. S. 1908, reads:

"When two or more defendants are jointly indicted for any felony, any defendant against whom there is evidence, which does not relate to the reputation of such defendant, and which would be material and admissible as to such defendant, if tried separately, but which would be inadmissible as to any other of said joint defendants if tried alone, such defendant against whom evidence as aforesaid, is material and admissible, shall be tried separately.    In all other cases, defendants jointly indicted or prosecuted, shall be tried separately or jointly in the discretion of the court."

Defendant Stone filed a motion for severance.    His affidavit recited:

"That there is evidence material to the defense of this defendant which does not relate to the reputation of this defendant, which is admissible as to the defendant, if he be tried separately, but which is inadmissible as to any other defendant if tried alone."

Thus far the affidavit in no respect supports the motion. *Moore v. People,* 31 Colo. 336, 344, 73 Pac. 30.    The affidavit further recites:

"That there is material evidence not relating to the reputation of any other defendant which is admissible as

against such defendant, if tried alone, but if admitted in a joint trial will be prejudicial to this defendant because such evidence would be inadmissible as against this defendant if tried alone."

If this portion of the affidavit is good under the statute (a question which we do not decide) the record discloses no further showing as to what this evidence was. No such evidence developed in the trial. No objection was made on behalf of either defendant to any evidence which could by any possibility be considered as admissible against one defendant and inadmissible against the other.

5. Before the jury was sworn to try the case the people asked leave to endorse upon the information the names of the witnesses Ulysses H. Baker and W. P. Doughty, the special prosecutor saying, "I did not know anything about these." Defendants objected to this endorsement.

"Mr. Bryans. We are taken by surprise, and if the court enters an order endorsing either or both of these names on the information we shall insist upon and respectfully request a continuance of the trial of this case.

Mr. Quaintance. If it is anything that would seek to take them by surprise, we won't endorse them.

The Court. You may have leave to endorse them.

Mr. Bryans. To the ruling of the court we reserve an exception."

Baker was an officer who arrested defendants. Doughty had an experience with them similar to that of the prosecuting witness and but a few minutes before the transaction here in question. Both witnesses testified without any further objection or request for continuance.

The presumption is in favor of the ruling of the court and that he found to be true the statement of the special prosecutor that these were witnesses "the materiality of whose testimony are first learned by the district attorney upon the trial." Sec. 1958 R. S. 1908.

"No showing of surprise or prejudice was made by plaintiff in error. * * * Under this condition we can not say that the action of the court was reversible error."

*Wickham v. People,* 41 Colo. 345, 349, 93 Pac. 478.

6. On the question of the sufficiency of the evidence we quote from defendant's brief:

"A careful review of the evidence in this case shows conclusively that neither Stone nor Woeber participated. in any criminal act, that there was not criminal intent on the part of either to commit a crime, that Stone was incapable of committing a crime, that Woeber according to the prosecuting witness took no part in placing the prosecuting witness in fear and made no threats against him."

This is the sum total of the argument on this point. It is justified only if we confine ourselves entirely to defendants' evidence and their construction of a portion of the testimony of the prosecuting witness.

This was a joint information against defendants and Charles Fletcher and Joe Sennett. Fletcher disappeared and Sennett is since deceased. These four men had been driving in Woeber's car and were returning to Denver on the Morrison road early in the afternoon. They had all been drinking and defendants' claim Stone was "sleepy drunk", and that, except for a few minutes when he got out of the car to help Woeber change a tire, he knew nothing of what was going on. Finding a flat tire they stopped, borrowed a vulcanizer from a passing motorist, and attempted to repair the puncture. Experiencing some difficulty in the process they halted the witness Doughty who was going in the opposite direction. Fletcher asked for repairs and being told that Doughty had none, but observing that he carried a spare tire, Fletcher jumped on the back of the car saying, "Let's take the tire." Driven off by Doughty he called upon the others for assistance. They all started toward the car and Sennett pulled a gun. Doughty drew his own gun and drove them back. If this testimony is to be believed Stone was then sober enough to participate.

"Q. And shortly after you drove off did you (Doughty) pass the stage? A. Yes.

Q. The Thomas stage? A. Yes."

The Thomas stage was coming toward Denver and was being driven by prosecuting witness Taylor who stopped his car just behind that of defendants because the road was blocked. Fletcher proposed to buy a tube of Taylor, then drew Sennett's gun and holding it on Taylor said, "Now will you sell us a tube?" Woeber and Stone were putting on the tire they had repaired by means of the borrowed vulcanizer. It blew out, then Fletcher and Sennett, holding the gun on Taylor, made him take off his tire and this they took to Woeber's car.

"Mr. Taylor. When I got out of the car he stuck the gun right up against me * * * stuck it right up against my ribs * * * he rubbed it up and down two or three times to remind me that it was there.

Q. Were you in fear of your life? A. Yes. * * * There were four outside of the machine and Stone was one of them.

Q. Did they act as though they were under the influence of intoxicating liquor? A. Slightly.

Q. Staggering? A. No sir. Fletcher said, 'This is the same as your death warrant if you report this to the police' and Sennett said, 'You know that any of us, any of the four of us, are liable to bump you off if you let this out."

The four then drove rapidly away in Woeber's car and disappeared. They returned to Denver and a little later in the afternoon were arrested by Officer Koskulis for violating the speed laws. They first attempted to escape but were run down and captured. Koskulis says, "They jumped up and wanted to fight me * * * all of them." The officer took them to the city hall where he was told in their presence by the police captain that he already had their description and they were wanted for highway robbery on the Morrison road. Apparently they all understood this. The record discloses no denial on the part of any. The arresting officer says they had been drinking but none of them were drunk.

We think this is ample to show a determination on the part of the four men to commit highway robbery with a gun in order to get a tire for their machine; that save for the fact that he was armed and resisted, Doughty would have been the victim; that the machines stood so close together that all four must have been and were fully cognizant of the entire transaction; that all participated in it in various ways; that while neither Woeber nor Stone used the gun, or actually made threats against Taylor, they aided in the commission of the crime by their presence and encouragement and the tire was taken for Woeber's car, who put it on and drove away with it; that all of them were sufficiently sober to be perfectly conscious of what was going on and to participate in it; and that the conclusion reached by the jury was the natural and reasonable one in the light of all the evidence. The verdict cannot be disturbed merely because the evidence is conflicting, nor because it may seem to us that some links in it are not overwhelmingly established. *Hallack, et al. v. Stockdale, et al.,* 14 Colo. 198, 23 Pac. 340; *Mow, et al. v. People,* 31 Colo. 351, 358, 72 Pac. 1069.

Finding no reversible error in this record the judgment is affirmed.

MR. CHIEF JUSTICE SCOTT not participating.

MR. JUSTICE TELLER sitting as Chief Justice.