No. 12,619.

JAGGER PRODUCE COMPANY *v.* GYLLING ET AL.

(10 P. [2d] 942)

Decided April 11, 1932.

Mr. RILEY R. CLOUD, Mr. JOHN H. VOORHEES, for plaintiff in error.

Mr. FRENCH L. TAYLOR, for defendants in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error is hereinafter referred to as Jagger and defendants in error as Gylling.

518

Gylling sued Jagger for an alleged balance due on the purchase price of three cars of potatoes. The latter admitted a portion of the claim, the amount in dispute being approximately $200. A jury found for Gylling, and to review the judgment thereupon entered Jagger prosecutes this writ.

The complaint contained three causes of action, each based upon one of the cars. We refer to them in order as 1, 2 and 3. There was no dispute as to 2 and it has been settled.

Gylling was in business at La Jara, Colorado, and Jagger at Pueblo and other places. The Bancroft Brokerage Company, hereinafter referred to as Bancroft, acted as agent at Pueblo. It did this business principally through C. H. Bancroft who died prior to the trial.

1 was shipped by Gylling January 23, 1929, from La Jara to Bancroft at Pueblo, and 3 in the same way February 4, but was consigned to Gylling. They were there bought by Jagger whose counsel says that Bancroft "offered the potatoes to defendant on the railway track at Pueblo and after inspection the defendant (found they were frozen and) made the offer (as he testified) which was accepted by the broker." We insert the parentheses. If these eight words be omitted this quotation states the contention of Gylling.

Both cars were diverted at Pueblo to Jagger at Lamar, and the defense was that this was done under an agreement with Bancroft, that they should be sorted at their destination "for damaged and worthless potatoes in said car, which should be determined and fixed by the Jagger Produce Company." The amount in dispute is the deduction so claimed.

██ Written documents made by Bancroft in the regular course of business, and almost at the time of the transaction, were admitted in evidence over objection. If competent they leave no question of the correctness of the judgment. We assume, without deciding, that the objection was good save as to Exhibits A and B, in which

event, for reasons clearly appearing, the others were not prejudicial. A and B were written confirmations by Bancroft to Gylling of the sales to Jagger at the price alleged and without the qualifying terms set up in the answer. A refers to 1, is dated January 24, and was received by Gylling by mail the following day. B refers to 3, is dated February 4, and was transmitted in the same way. They were admitted over objection. Later it developed, during the examination of Jagger's manager, that copies of these confirmations had been promptly furnished Jagger. These are, Exhibit C which is a copy of B, and Exhibit D which is a copy of A. They were produced by the witness and offered in evidence by counsel for Gylling, to which Jagger's attorney replied, "No objection." They were accordingly admitted. Hence the question as to A and B is immaterial. The record discloses no objection by Jagger to these confirmations until long after settlement should have been made and after the death of Bancroft. Jagger's manager was permitted to testify in detail as to his alleged oral agreement with Bancroft concerning the claimed allowance for damaged and worthless potatoes to be shown by inspection and sorting at Lamar. Exhibit D, when delivered, bore this notation: "This confirms telephone conversation with Carl and our wire since today." Carl was known to be C. E. Gylling and the exhibits clearly disclosed the interest of Gylling. All this was ample notice to Jagger that Gylling was relying upon the contract disclosed by the exhibits, and imposed upon the purchaser the duty to promptly protest if he did not acquiesce. As a part of the purchase price Jagger paid the freight on these shipments from La Jara to Pueblo. It is therefore established beyond question that the sale was made, the price agreed upon, and the merchandise delivered to Jagger at Pueblo, all as alleged in the complaint. The burden of proof was upon Jagger to establish the allegation of an agreement for deduction for frozen and damaged potatoes according to an inspection

and sorting to take place at Lamar. All admissible evidence thereof, and some probably inadmissible, was submitted to the jury and failed to convince it.

█ █ The admission of a telegram is the basis of one assignment. The objection to the exhibit was withdrawn. The refusal of Jagger's instructions 1, 2, and 3 formed the basis of others. 1 and 2 were covered by others given by the court, while 3 was clearly erroneous. These, and other errors in the assignments, probably account for the fact that no reply brief was filed. The entire dispute resolves itself into a question of fact to be determined from conflicting evidence. The verdict must stand. *Hallack v. Stockdale,* 14 Colo. 198, 23 Pac. 340.

The judgment is accordingly affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE HILLIARD concur.