No. 13,734.

Manship *v.* The People.

(58 P. [2d] 1215)

Decided June 1, 1936.  Rehearing denied June 29, 1936.

1

Mr. John J. Morrissey, Mr. William H. Scofield, for plaintiff in error.

Mr. Paul P. Prosser, Attorney General, Mr. Walter F. Scherer, Assistant, for the people.

*En Banc.*

Mr. Chief Justice Campbell delivered the opinion of the court.

The information in this case charges the defendants Manship and Vera Brinkerhoff with the statutory crime of rape of Dora Shelton. Each defendant was found guilty. In the opening brief of the plaintiff in error Manship are set forth the various grounds in which the trial court is said to have committed errors prejudicial to him. He is the only plaintiff in error. In passing upon his motion for a separate trial for himself alone, which was interposed sometime before trial on the merits, the trial court said that such a motion properly arises at, and not before, trial on the merits and upon that ground alone denied the defendant's motion. At the trial on the merits defendant did not interpose or renew his motion for a separate trial which he might have done as the trial court had theretofore held was permissible. Under the facts above outlined the defendant may not now upon this review be heard to complain of the refusal of the trial court to grant him a separate trial.

4

█ In addition to the foregoing we say that under the rule announced in *Kolkman v. People,* 89 Colo. 8, 300 Pac. 575, the trial court's denial of the severance in this case is not erroneous. We said in that case unless the bill of exceptions discloses the admission of prejudicial evidence no error is committed in denying a motion for a severance. Applying that doctrine to this case we say there is not disclosed improper admission of evidence prejudicial to plaintiff in error. *Stone v. People,* 71 Colo. 162, 204 Pac. 897, and *Sarno v. People,* 74 Colo. 528, 535, 223 Pac. 41, are in point and are authority for the rulings of the trial court in the pending case.

█ There is vigorous discussion by counsel for Manship of the evidence produced at the trial with a view to show its alleged insufficiency to establish Manship's guilt. As is usually true in cases of this character, not all of the evidence produced at this trial is favorable to either party. We find no errors in the rulings of the trial court upon the evidence. The trial court found it legally sufficient to sustain the charge and imposed appropriate sentence. We do not deem it necessary to reproduce the unsavory evidence. It tends to sustain the charge. The trial court was in better position than we are upon this review to determine the credibility of the witnesses.

The judgment is affirmed.

MR. JUSTICE HILLIARD and MR. JUSTICE HOLLAND dissent.

MR. JUSTICE BUTLER, concurring.

The opinion of Mr. Chief Justice Campbell seems to me to be sound, and I concur therein. However, there are important assignments of error that are not mentioned in that opinion, and to those I address myself.

█ 1. To prove that the prosecuting witness was under the statutory age of consent (18 years), the court admitted in evidence a so-called birth certificate purporting to be signed by "H. S. Shafer, M.D." It gave August

4th, 1918, as the date of birth. The certificate was produced by the prosecuting witness's mother, who testified that her husband brought it home about three weeks after the birth of the prosecuting witness. The mother testified that "Dr. Shafer is now upon Downing street. * * * He was in the State of Colorado the last time I heard." There was no evidence that the doctor was out of the state or otherwise unavailable as a witness. There was no evidence that the signature on the certificate was his. The certificate so admitted was not a certified copy from the files of the registrar of vital statistics. It was error to admit it. But the mother testified that when the offense was committed (June 9, 1934) the prosecuting witness was 15 years of age. The prosecuting witness testified that she was 15 years of age at that time, and it was proper to admit such testimony. 10. R. C. L. p. 965. Moreover, a copy of the birth certificate, certified by the registrar of vital statistics, was offered, but the court erroneously sustained an objection thereto on the ground that the doctor's original certificate was filed with the registrar later than ten days after the birth. Section 982, Compiled Laws of 1921, makes it the duty of the attending physician or midwife to file the birth certificate within ten days after the date of birth. The effect of a failure to file within that time is to subject the doctor or midwife to a fine or imprisonment (C. L. §994); it does not affect the admissibility of a copy thereof certified by the registrar. Such certified copy is *prima facie* evidence of the facts therein stated. C. L. §990. It showed that the prosecuting witness was fifteen years of age at the time the defendant had sexual intercourse with her. We have an analogy in the marriage law. Section 6, chapter 128, Session Laws of 1933, requires the minister or officer who solemnizes a marriage to return the license and marriage certificate to the county clerk within thirty days from the date of marriage, and his failure to do so subjects him to a fine. A certified copy of the marriage record is evidence of the marriage. C. L. §5562. Surely, no

one would contend that where the minister or officer files the license and certificate after, instead of within, the thirty days, a certified copy would not be evidence of the marriage.

Not one word of evidence was received or offered to contradict the evidence that the prosecuting witness was only fifteen years of age at the time the defendant debauched her.

In the circumstances, the erroneous admission of the uncertified certificate produced by the mother was not prejudicial to the defendant; hence, it was not reversible. C. L. §7103.

2. The defendant complains of the court's refusal to give a requested instruction to the effect that the defendant's testimony that the prosecuting witness represented herself to him to be eighteen years of age might be considered in determining her credibility as a witness. The point was sufficiently covered in the court's instruction on the credibility of witnesses; hence, the refusal to give the requested instruction was not error.

3. The defendant requested the court to instruct the jury as follows: ''The Court instructs you that in determining the age of the witness Dorothy Shelton, you are not to be governed solely by testimony of witnesses on that subject, but may and should also take into consideration the appearance of Dorothy Shelton as you have seen her in the courtroom.

''If, after taking into consideration both the evidence and the appearance of Dorothy Shelton, you entertain a reasonable doubt as to whether she was not eighteen years of age at the time of the alleged rape, it will be your duty to acquit the defendants.'' The court refused the request, and such refusal is assigned as error. The requested instruction is objectionable in directing the jury, as a matter of law, that in determining the girl's age, they ''are not to be governed solely by the testimony of witnesses on that subject.'' The jury had the right to be governed solely by such testimony if they believed that

it was true and there was nothing in her appearance to indicate that she was older than the witnesses testified she was. Where a requested instruction contains two or more propositions of law, and one of them is unsound, the court may properly refuse to give the instruction. 14 R. C. L. p. 800. It seems to me that this assignment of error is devoid of merit.

4. The court gave the following instruction: "The Court instructs the jury that, as a matter of law, neither misrepresentation by the complaining witness, Dorothy M. Shelton, to the defendants as to her age, *nor her appearance with respect to age,* nor the fact that defendants, or either of them, actually believed that said Dorothy M. Shelton was eighteen years of age, *are material* in this case, if, from all evidence in the case, you believe beyond a reasonable doubt that at the time of the alleged act of sexual intercourse she actually was under the age of eighteen years." (Italics are mine.)

This was objected to on the ground that "it excludes from the jury the right to determine the age of the prosecuting witness * * * from an examination and an inspection of her." Perhaps the trial court had in mind the rule that the fact, if it was a fact, that the girl appeared to be eighteen years of age or over, and that from her appearance the defendant honestly believed her to be eighteen or over, was no defense if in fact the girl was under 18. 52 C. J., p. 1038. The instruction does seem to be open to the defendant's criticism. Wigmore, in the second edition of his work on evidence, says (Vol. 2, §1154): "A person's *appearance,* as evidence of *age* (for example, of infancy, or of being under the age of consent to intercourse), is usually regarded as relevant; and, if so, the tribunal may properly observe the person brought before it." Again (Vol. 1, §222): "Experience teaches us that corporal appearances are approximately an index of the age of their bearer, particularly for the marked extremes of old age and youth. In every case such evidence should be accepted and weighed for what it may be

in each case worth. In particular, the *outward physical* appearance of an alleged minor may be considered in judging of his *age;* a contrary rule would be pedantically over-cautious."

In *Quinn v. People,* 51 Colo. 350, 117 Pac. 996, the defendant was charged with selling intoxicating liquor to a minor. There was no evidence whatever as to the purchaser's age, and the attention of the jury was not directed to the appearance of the purchaser for the purpose of determining his age. It was held that the conviction could not stand. In the opinion, we said: "Our conclusions are, that in such cases where there is a conflict in the evidence concerning the age of the witness, the jury should have a right to take into consideration his size, appearance, etc., in connection with the other evidence, but that when it is to be so considered the better rule is to have such description, appearance, etc., supplied by evidence, which can be properly preserved in the record, but it probably would not be error, were this omitted, where the jury's attention has been called to the appearance of the witness for that purpose. But where no evidence has been offered upon the subject, and where the attention of the jury has not been called to the appearance of the witness for that purpose, it is prejudicial error to accept the finding of a jury concerning the age of the witness when it is material to a conviction, with no evidence of any kind upon the subject."

In the present case, the uncontradicted testimony was to the effect that the prosecuting witness was only fifteen years of age at the time the offense was committed; and moreover, the certified copy of the birth certificate, improperly excluded, shows that such was her age at that time. The original birth certificate was made by the doctor in attendance at the birth. It is significant that the judge, who saw the girl on the witness stand and had full opportunity to observe her appearance, referred to her, in ruling upon the motion for a new trial, as "a little girl," "a child fifteen years old," "a little school girl,"

"a little child," "this little girl fifteen years old," "this beautiful little child," "only fifteen."

In the circumstances, we do not believe that the short-coming in the instruction in question could have prejudiced the substantial rights of the defendant on the merits; therefore, the error, if any, is not ground for reversing the judgment. C. L. 1921, §7103.

5. Counsel for the defendant say that there was misconduct on the part of the district attorney prior to and during the trial; that two days before the trial he caused the arrest of one Speegle on the charge of jury tampering in connection with the approaching trial; and that in examining jurors on voir dire he asked each juror whether or not Speegle had talked to him about the case. No objection to such proceeding was made at the time; nor was any such objection made until the filing of a motion for a new trial. The objection came too late. Furthermore, it is wholly devoid of merit.

In passing upon the motion for a new trial filed by Manship and his codefendant, the judge who presided at the trial and saw and heard all the witnesses, said, after reviewing the evidence: "I don't see any extenuating circumstances. I don't see the slightest shadow of doubt of the guilt of these two defendants. You both seem to me to be perfectly guilty in every respect, and I don't see how the jury could possibly have done anything else than find you both guilty. It is one of the worst crimes in our books."

It seems to me that the defendant was tried fairly and was fairly convicted, and that there is no reversible error disclosed by the record. I concur in the affirmance of the judgment.

All the justices who concur in the affirmance of the judgment concur in this opinion.

Mr. Justice Hilliard dissenting.

The opinion of the court written by Mr. Chief Justice Campbell does not treat the points presented. Mr. Jus-

tice Butler, specially concurring, does discuss the errors assigned, and, rightly determining in at least two instances the trial court erred, gravely affirms the judgment. It is Mr. Justice Butler's opinion that obtains sufficient approval of the justices to work affirmance. I dissent from the illogical and unsound result.

Aside from the question of whether defendant was guilty of the primary act involved in the offense charged, the age of the prosecuting witness was the all important issue. Mr. Justice Butler says that error obtained when the court admitted a certain so-called birth certificate. Of course so. The authorities are as one on that point. But, says our distinguished brother, there was other evidence which justified the verdict on the point. Assuming so much, the learned jurist could have profited by reading his own language in *Reppin v. People,* 95 Colo. 192, 208, 34 P. (2d) 71, 78. In no sense was the incompetent certificate harmless. *DePriest v. People,* 64 Colo. 358, 171 Pac. 1004; *Connor v. People,* 18 Colo. 373, 35 Pac. 159, 25 L. R. A. 341, 36 Am. St. Rep. 295. ''Error is presumed to be prejudicial unless it affirmatively appears that it is not.'' *Dekelt v. People,* 44 Colo. 525, 99 Pac. 330. Looking at the prosecuting witness the jurors might well have discounted her story and that of her mother as to her age, but when a solemn writing is produced in close corroboration of their testimony, ruled by the trial court in their hearing to be competent (held in the opinion here to be incompetent), it does not lie with reviewing ministers of justice to say it did not materially enter into the reckoning of the jurors. Indeed, the incompetent certificate was of such character that it virtually foreclosed further consideration by the jury of the issue which it was calculated to establish. Erroneous, but not hurtful, says the court. I cannot so regard it.

In further support of its disposition of the case, the court says the trial judge erroneously rejected a certificate that was competent, and, therefore, the incompetent one could well take its place. Aside from the fact that

record of that which constituted the rejected certificate had not been made as required by statute, as the trial court held, the district attorney neither excepted to its rejection nor assigned cross-error on the point. The question was neither presented nor argued. How, then, do we know the trial court erroneously rejected the certificate? A sheer dictum! Of piece with the foregoing is Mr. Justice Butler's assertion that the statute providing for record of marriage certificates and their manner of exemplification for evidentiary purposes, is parallel to the birth certificate statute, and since, as he sets forth, "no one would contend" that a certified copy of a marriage certificate would be incompetent, so the rejected certified copy of the birth certificate here was competent. The trouble is that in addition to the fact that the two statutes differ in essential details, we have never passed on either of them and neither is involved here. An emphasized dictum! It is pertinent to add that the statute (C. L. 1921, §982) requires attending physicians to file birth certificates within ten days after the event, and by section 990, same compilation and act, "a certified copy of the record of any birth * * *, registered under provisions of this act * * *, shall be prima facie evidence * * * of the facts therein stated." Here, the certificate was filed, not within ten days, as required by the statute, or within any reasonable time thereafter, but some twelve years subsequent to the claimed happening. To say departure from statutory requirements to the extent shown "does not affect the admissibility of a certified copy," as the opinion holds, I think is not justified.

Mr. Justice Butler says that instruction No. 10, (point 4 of the concurring opinion) "does seem to be open to the defendant's criticism," and cites Wigmore in support of that view. But as in the case of the error already commented upon, it is held to be harmless. I protest such disposition of a vital issue.

At point 3 of Mr. Justice Butler's opinion a requested instruction is set forth which was rejected. The purport

is that in determining the age of the prosecuting witness, the jury could consider her appearance in the court room. The authorities are generally to the effect that such an instruction is proper. Quotations from Wigmore in Judge Butler's opinion definitely hold so, and an array of cases cited by plaintiff in error's counsel sustains Wigmore's deductions. I find nothing in the attorney general's brief to the contrary. The disposition which the court makes of the point is hypercritical, and in my view unjust.

Finally, not gainsaying the existence of error, the court has resort to section 7103, C. L. 1921, a statute calculated to save a successful prosecution from the effect of harmless error. My notion of the importance of correct procedure in the common-law conception of justice is such that I cannot subscribe to the obvious wrong so compassed. I decline to have part in rape of the law.

MR. JUSTICE HOLLAND concurs in this opinion.