No. 19,627.

DONALD WAYNE GOLDSBERRY *v.* THE PEOPLE OF
THE STATE OF COLORADO.
(369 P. [2d] 787)

Decided March 12, 1962.   Rehearing denied April 2, 1962.

Mrs. FRANCES DE LOST, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. J. F. BRAUER, Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MCWILLIAMS.

DONALD WAYNE GOLDSBERRY, hereinafter referred to as "the defendant," was convicted by a jury of the burglary of the building of one Doris Miller, who was operating therein a dining place known as Pappy's Corner Cafe, situate in Arriba, Lincoln County, Colorado. Defendant's motion for new trial was denied and the trial court thereupon sentenced him to the state penitentiary for a term of not less than one year nor more than five years. In imposing the sentence the trial court inadvertently stated that the defendant had been convicted of the crime of larceny, whereas in fact the crime was that of burglary.

By writ of error the defendant seeks reversal of this

judgment, and he assigns as error the following: (1) the fact that prior to arraignment he was not furnished a copy of the jury list; (2) the order of the trial court, entered on the day of trial, permitting the district attorney to endorse two additional witnesses, namely defendant's brother, Earl Lloyd Goldsberry, and one Glenn Myers; (3) the refusal of the trial court to sustain defendant's challenge for cause of certain prospective jurors who on voir dire indicated that should the defendant decide not to testify in his own behalf, his failure would be deemed by them as an indication of guilt; (4) the failure of the trial court to declare a mistrial when the district attorney adverted to so-called "similar offenses"; (5) the trial court's denial of defendant's motion to dismiss on the grounds of a general insufficiency of the evidence, which motion was interposed at the conclusion of the People's case; and (6) the giving of an instruction defining the crime of larceny and a further instruction regarding "flight."

The record before us does not contain a transcript of the arraignment proceedings, although the defendant obviously pled "not guilty." However, when the matter came on for trial the defendant then challenged the entire jury panel on the grounds that prior to his arraignment he was not given a copy of the jury list. The trial court's recollection was that a copy of the jury list had in fact been furnished defendant at the time of arraignment, but this was controverted by the defendant. In any event, the trial court denied this challenge to the array. Whether the defendant was actually furnished a list of the jurors prior to or at the time of his arraignment still remains unknown, at least insofar as the record before us is concerned. It is apparent, though, that this procedural defect was not brought to the attention of the trial court during the arraignment process, but was urged for the first time at the commencement of the trial proper.

C.R.S. '53, 39-3-6 provides that "Every person

charged with murder or other felonious crime, shall be furnished, *previous to his arraignment,* with a copy of the indictment, and a list of the jurors and witnesses." (Emphasis supplied.) Assuming, but not deciding, that the defendant was not furnished a list of the prospective jurors prior to his arraignment, we conclude that under the circumstances of the instant case this omission does not constitute reversible error. The defendant made no timely objection, i.e. at the time of his arraignment, to the fact, if it be a fact, that prior to arraignment he had not been given such a list, nor did he make any showing of prejudice resulting from this alleged omission.

In *Minich v. People,* 8 Colo. 440, 9 Pac. 4, the defendant was convicted of murder in the first degree and sentenced to death. One assignment of error was that the "accused was not furnished with a list of the petit jurors *prior to his arraignment."* In rejecting this contention this Court said:

"If it appeared that the defendant was injured or put to disadvantage by the failure to furnish this list prior to arraignment, particularly if he entered a timely protest, his conviction ought not to stand. But there is nothing in the record before us from which the slightest prejudice to his rights on this account can be inferred. Commenting upon this subject, the supreme court of Illinois say that, while it is the duty of the courts to prisoners, 'among other things, to notify them in due time as to what men constitute the panel out of which the jurors for their trial should be called, . . . it is not, however, every little inaccuracy which may occur in this regard for which a trial should be set aside' . . . And they hold, under just such a statute as ours, that, unless the accused has been 'put to disadvantage' from the irregularity, his conviction ought not to be interfered with."

In *Sukle v. People,* 107 Colo. 269, 111 P. (2d) 233 the defendant was arraigned over his strenuous objection that he had not theretofore been furnished with a jury list. On writ of error such procedure was strongly disap-

proved by this Court, but even though there had been timely protest, the Court still declined to hold that such constituted reversible error. It was also stated in the *Sukle* case that to be effective, an objection by a defendant to arraignment without having been theretofore furnished a jury list must be presented prior to or at the time of the proposed arraignment, and if said objection is not thusly made the procedural defect is deemed waived. In the instant case the defendant at his arraignment apparently voiced no objection to the fact that he had not theretofore been given the jury list. Accordingly, the trial court committed no error in denying defendant's motion challenging the entire jury panel.

■ Five days before trial the district attorney filed with the court a motion to endorse as additional witnesses for the People one Glenn Myers and the defendant's brother, Earl Lloyd Goldsberry, and on the same date counsel for defendant received a copy of said motion. This motion was not heard until the day of trial, and over objection was granted. No request for a continuance on the ground of surprise was ever interposed by the defendant. It later developed that Earl Lloyd Goldsberry had been charged with this same burglary, had pled guilty and had been placed on probation. Upon trial he offered about the only testimony which implicated this defendant in the burglary. Glenn Myers also testified that he was with the Goldsberry brothers on the night the cafe was burglarized, but his memory of the evening's events by time of trial was unusually hazy. Under such circumstances the trial court did not err in permitting these two witnesses to be endorsed by the People, it being at best a matter within the sound discretion of the trial court, and its ruling will not be overturned in the absence of a clear showing of abuse. The defendant may well have been displeased with this turn of events, but he could not in good conscience claim surprise as to the identity of the two witnesses nor as to their probable testimony. See, for example, *Roll v.*

*People,* 132 Colo. 1, 284 P. (2d) 665; *Grandbouche v. People,* 104 Colo. 175, 89 P. (2d) 577; *Baker v. People,* 72 Colo. 207, 210 P. 323, and *Stone v. People,* 71 Colo. 162, 204 P. 897.

On voir dire examination of prospective jurors counsel for defendant was able to elicit from several the statement that if the defendant failed to testify, his failure would in their opinion be some indication of his guilt. At the conclusion of her voir dire counsel for the defendant challenged for cause all such jurors. Whereupon the trial court proceeded in rather strong language to inform all that the law is that the neglect or refusal of an accused to testify in a criminal proceeding should not be taken or considered as any evidence of his guilt. See C.R.S. '53, 39-7-15. He asked all jurors if any of them would be unable to follow his statement of the law in this regard, and none indicated any such inability. Thereupon, the challenge for cause was denied.

A somewhat analogous situation is covered by C.R.S. '53, 78-5-3, which states that a juror who has expressed a prior opinion that the defendant is guilty may nevertheless serve, "provided, the court shall be satisfied, from the examination of the juror or from other evidence, that he will render an impartial verdict, according to the law and the evidence submitted to the jury in the trial of such cause." So, in the instant case, prospective jurors, untutored in the law, expressed the feeling that the failure of the defendant to testify in his own behalf is an indication of guilt. However, when the trial court properly instructed these jurors as to the true state of the law on this particular point, the jurors all indicated a willingness to lay aside any contrary personal belief and to follow the law as so ably enunciated by the learned trial judge. Under the circumstances no error was committed in denying these challenges for cause.

Defendant's next assignment relates to the refusal of the trial court to grant his motion for a mistrial, which

motion was prompted by testimony tending to show that he had committed two other burglaries on the same evening. The night marshal of Flagler testified that he saw the automobile owned by Earl Lloyd Goldsberry in Flagler around midnight on the same evening that Pappy's Corner Cafe was burglarized. The sheriff of Lincoln County testified without objection that he received reports of three burglaries which had apparently all taken place during this same evening and that he first proceeded to investigate the burglary of a cafe in Genoa. He testified that he then proceeded to Pappy's Corner Cafe in Arriba and he described that entry was apparently made into this building by prying off the hasp of a lock on a back door. He was about to testify that he next proceeded to Flagler, when objection was made that this town was "beyond his jurisdiction" and that testimony as to his investigation which was conducted outside his county was "irrelevant" and "prejudicial." At this point the jury was taken from the courtroom proper, and in their absence defendant moved for a mistrial. This motion was denied. Whereupon defendant moved that all testimony regarding Genoa and Flagler be stricken. The district attorney resisted this motion on the grounds that if permitted he hoped to show that this defendant participated in each of these burglaries, and that evidence of the commission of similar crimes, now more properly referred to as "similar transactions," has long been recognized as competent evidence logically calculated to show design, intent and scheme. The trial court granted defendant's motion to strike, thereby precluding the district attorney from showing "similar transactions," and thereafter at defendant's specific request admonished the jurors to disregard any testimony pertaining to investigations conducted in Genoa or Flagler.

We perceive no reversible error in the manner in which the trial court handled this situation. As a matter of fact, the error, if any, was prejudicial to the People

rather than the defendant. Just why the burglaries in Genoa and Flagler were not "similar transactions" is not apparent from either the objection as voiced by the defendant or the ruling of the court. The district attorney was just getting embarked in his effort to show similar transactions when objection was made and the jury excused. Assuming that such testimony was inadmissible, the trial court promptly halted the line of interrogation, and at defendant's specific behest instructed the jury to disregard the same. The contention that a declaration of a mistrial was the only remedy for this situation is untenable and no error was committed by the trial court in denying the motion.

The contention that there was insufficient evidence tying this defendant into the burglary of Pappy's Corner Cafe conveniently ignores the incriminating testimony of his brother. The brother in effect testified that on the late evening in question he and the defendant, together with one Glenn Myers, were driving around the general area in his automobile; that defendant was driving and the witness asleep in the back seat; that when he awakened they were stopped at the rear of Pappy's Corner Cafe; that Glenn Myers was still in the front seat, but his brother, the defendant, was missing; that he went in search of his brother and immediately noticed that the rear door leading to the filling station was open; that he walked in this door and "met Don (the defendant) in that door," which door led from the filling station office into the cafe proper. According to this witness defendant said: "You ought to be careful coming into something like this, you might get hurt." Later a clock-radio, identified as having been in the cafe immediately prior to the break in was seen by this witness on the front seat of his automobile. The foregoing is deemed ample evidence to tie this defendant into the burglary.

The defendant finally urges as error the fact that the court in its instructions gave the statutory definition of the crime of larceny, and also gave an instruction as

to flight. Both instructions under the circumstances were quite proper. The information charged defendant with breaking and entering a building of Doris Miller, who was doing business therein as Pappy's Corner Cafe, with the intent to commit the crime of larceny from said Doris Miller. In such circumstances it was quite logical to give the jury the statutory definition of larceny, and there was no error in so doing.

Defendant's brother testified that the two of them went to Limon immediately after this burglary, where they slept for a few hours in a trailer house owned by another brother. The two of them then went to New Mexico, and a few weeks later proceeded westward to Arizona. Defendant was eventually arrested in Nevada. In such circumstances an instruction regarding flight is proper. See *Mills v. People,* 146 Colo. 457, 362 P. (2d) 152.

The judgment is affirmed, with directions to the trial court to correct its records so as to reflect that defendant was convicted of burglary, not larceny.

MR. JUSTICE HALL and MR. JUSTICE FRANTZ concur.