The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Richard Paul TRUJILLO,
Defendant-Appellant.

No. 84CA0776.

Colorado Court of Appeals,
Div. III.

Aug. 8, 1985.

Rehearing Denied Sept. 12, 1985.

Certiorari Denied (Trujillo) Jan. 21, 1986.

Duane Woodard, Atty. Gen., Charles B.
Howe, Chief Deputy Atty. Gen., Richard H.

Forman, Sol. Gen., Virginia Byrnes Horton, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Pete Cordova, Salida, for defendant-appellant.

TURSI, Judge.

Defendant, Richard Paul Trujillo, appeals the judgment of conviction entered upon a jury verdict finding him guilty of theft and second degree burglary. We affirm.

## I.

Defendant's first contention on appeal is that evidence obtained pursuant to a search warrant should have been suppressed because the warrant was not issued by a neutral and detached magistrate. Evidence at a pretrial suppression hearing before another judge revealed that the judge who issued the warrant and the burglary victim were limited partners in a business enterprise. Defendant argues that this business relationship rendered the search warrant unconstitutional. We disagree.

■■■ A search warrant is valid only if it is issued by a neutral and detached magistrate. *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); *People v. Brethauer*, 174 Colo. 29, 482 P.2d 369 (1971). The purpose of this Fourth Amendment requirement is to ensure that inferences of probable cause for the issuance of a warrant be determined by an impartial member of the judiciary instead of by an officer engaged in the investigation or prosecution of the crime. *Coolidge v. New Hampshire, supra.* This requirement is not met if the judge issuing a warrant plays an active role in the investigation of the crime. *See Lo-Ji Sales, Inc. v. New York*, 442 U.S. 319, 99 S.Ct. 2319, 60 L.Ed.2d 920 (1979); *People v. Montoya*, 44 Colo.App. 234, 616 P.2d 156 (1980). A direct pecuniary interest in the case or remuneration in the issuance of the warrant will also prevent a judge from being neutral and detached. *See Shadwick v. City of Tampa*, 407 U.S. 345, 92 S.Ct. 2119, 32 L.Ed.2d 783 (1972); *Connally v. Georgia*, 429 U.S. 245, 97 S.Ct. 546, 50 L.Ed.2d 444 (1977).

■■■ Here, there is no allegation that the judge participated in the investigation, and no evidence that the business association between the judge and the burglary victim compromised the judge's probable cause determination. The record does show that no business property was involved in the burglary. Further, defendant makes no suggestion that the probable cause finding itself was suspect or that a different magistrate might have found otherwise. Under these circumstances, defendant's challenge that the judge issuing the search warrant was not a neutral and detached magistrate must fail.

## II.

Defendant also argues that he was denied a fair trial by an impartial jury because the trial court refused to allow defense counsel to question jurors concerning any adverse inferences they might draw if the defendant did not testify at trial. We disagree.

During *voir dire*, defense counsel stated to one of the jurors:

"You have to understand there are many reasons why a person would not want to testify, and let me see if you understand these reasons and if you have any problems with these reasons, but sometimes a person will not testify because he's extremely nervous ... do you agree that some people may be too nervous to testify?"

The prosecution objected on the basis that defense counsel was attempting to testify concerning the reasons the defendant might not testify. The trial court thereafter limited defense counsel to inquiring only whether the jurors believed there might be many reasons a person would choose not to testify.

Defendant subsequently took the stand in his own defense. He argues, however, that the trial court's ruling may have forced him to testify and prevented him from challenging for cause those jurors

who held strong beliefs that a defendant's refusal to testify was indicative of guilt.

 It is proper in *voir dire* to query prospective jurors regarding their opinion of the effect of a defendant's failure to testify. *See Goldsberry v. People*, 149 Colo. 431, 369 P.2d 787 (1962). In the event the defendant actually does not testify, the court further must instruct the jury that such a failure cannot be considered evidence of guilt, and the court must ascertain that the jurors will follow this rule. *See COLJI—Crim.* No. 3:07 (1983) (Notes on Use); *People v. Crawford*, 632 P.2d 626 (Colo.App.1981).

■ However, the trial court did not prevent defense counsel's inquiries concerning the jurors' beliefs about a defendant's decision not to testify. Rather, all the trial court prevented defense counsel from doing was interjecting, by statements of counsel, possible evidentiary matter regarding specific reasons his client might not testify. Thus, there was no error.

## III.

Defendant's final contention is that the trial court committed reversible error in refusing to instruct the jury on his theory of the case. Defendant offered an instruction stating that his theory of the case was that he was mistakenly identified as the burglar. His instruction also contained the alibi that he was somewhere else during the commission of the crime. The trial court rejected this instruction and submitted one containing just the alibi defense. Defendant argues he was entitled to have the jury instructed on both theories because there was evidence supporting each. We disagree.

■ The instruction that defendant was elsewhere during the commission of the crime fully encompasses his theory that he was mistakenly identified as the perpetrator. Indeed, defendant admits in his brief that both defenses are "inextricably intertwined." A defendant is not entitled to duplicitous defense instructions. *See Roybal v. People*, 177 Colo. 144, 493 P.2d 9

(1972). Consequently, there was no error here.

Judgment affirmed.

BERMAN and METZGER, JJ., concur.