The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

Isadore I. **WILLIAMS**, Defendant–Appellant.

No. 02CA2490.

Colorado Court of Appeals, Div. A.

July 15, 2004.

Certiorari Denied Nov. 15, 2004.

566

Ken Salazar, Attorney General, Deborah Isenberg Pratt, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Ann M. Aber, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge CASEBOLT.

Defendant, Isadore I. Williams, appeals the judgment of conviction entered upon jury verdicts finding him guilty of two counts of sale of marihuana, a class four felony. We affirm.

## I.

■ Although defendant chose to testify at trial, he contends the trial court erred in refusing to instruct the jury regarding his right not to testify and the fact that no inference of guilt could arise from the exercise of that right. We are not persuaded.

■■ A defendant's right to remain silent during a criminal trial is guaranteed by the Fifth Amendment. *Malloy v. Hogan*, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964); *see also* Colo. Const. art. II, § 18. The Constitution also guarantees that no adverse inferences may be drawn from the exercise of that privilege. Thus, trial courts have a constitutional obligation, upon proper request, to inform the jury that a defendant's failure to testify at trial cannot be considered evidence of guilt. *See Carter v. Kentucky*, 450 U.S. 288, 305, 101 S.Ct. 1112, 1121–22, 67 L.Ed.2d 241 (1981); *People v. Trujillo*, 712 P.2d 1079, 1081 (Colo.App.1985). However, when a defendant testifies, he or she waives the constitutional privilege against self-incrimination. *People v. Mozee*, 723 P.2d 117, 123 (Colo.1986).

Here, defendant testified at trial. Thus, he waived his privilege against self-incrimination. Nevertheless, defendant correctly observes that the notes on use accompanying the stock jury instruction on the right not to testify state that the instruction should be given if the defendant requests it. *See* CJI–Crim. 3:07 (1983). However, the note presupposes that the defendant has chosen not to testify. Defendant has cited no authority, and we are aware of none, to support the proposition that the cited instruction should be given when a defendant testifies at trial. *Cf. People v. Curtis*, 681 P.2d 504, 514 (Colo.1984)(proper advisement concerning

the right to testify includes advice that the defendant has a right not to testify and that the jury can be instructed about that right if defendant does not).

Defendant nevertheless asserts this instruction should have been given to counteract the prosecution's arguments regarding his credibility. However, the purpose of the instruction is to protect a defendant's constitutional privilege against self-incrimination, not to bolster a defendant's credibility as a witness.

Therefore, we reject defendant's contention.

## II.

Defendant also contends that his waiver of the privilege against self-incrimination was impermissibly burdened because, when he received his *Curtis* advisement midtrial, the court refused to state whether it would instruct the jury on the affirmative defense of entrapment at the close of the evidence. We disagree.

### A.

■ As an initial matter, we reject the People's contention that this issue may not be addressed on direct appeal.

■ Ordinarily, claims concerning an insufficient *Curtis* advisement should be brought in postconviction proceedings under Crim. P. 35(c). *See People v. Blehm*, 983 P.2d 779, 792 (Colo.1999). Here, however, the record discloses that defendant received a full and proper *Curtis* advisement regarding the right to testify, and he does not challenge that advisement on appeal. Instead, defendant asserts that he was insufficiently advised regarding the consequences of testifying because the trial court did not advise him whether the affirmative defense instruction on entrapment would be given to the jury.

Because this issue does not implicate the *Curtis* advisement, we conclude that we may consider his argument.

### B.

■ The evidence in a case may raise an affirmative defense when a defendant admits the commission of the act charged but seeks to justify, excuse, or mitigate it. *People v. Huckleberry*, 768 P.2d 1235, 1238 (Colo.1989); *People v. Mossmann*, 17 P.3d 165, 169 (Colo. App.2000). To entitle a defendant to an affirmative defense instruction, the evidence must tend to establish each of the elements of the defense. *People v. Dooley*, 944 P.2d 590, 595 (Colo.App.1997).

■ Once a defendant has introduced some credible evidence of the affirmative defense of entrapment, the prosecution is required to prove beyond a reasonable doubt that the defendant was not entrapped. *People v. Sprouse*, 983 P.2d 771, 775 (Colo.1999).

With these principles in mind, we conclude that defendant was not entitled to have the trial court determine, before the close of the evidence, whether it would give an affirmative defense instruction. Defendant's request essentially asked the court to decide, before he presented any evidence, whether the evidence up to that point was sufficient to merit the instruction. In other words, defendant wanted the court's input on a matter of trial strategy.

■ However, defense counsel has the duty to ensure that the defendant has been advised of the full array of matters associated with the right to remain silent to the extent that they relate to the defendant's circumstances, including the benefits of not testifying and the consequences of testifying. *People v. Mozee, supra*, 723 P.2d at 124.

Here, it was defense counsel's duty, not the trial court's, to evaluate the evidence that had been presented up to that point in the trial and to advise defendant whether his testimony was necessary to raise sufficiently the entrapment defense. *See People v. Sprouse, supra; see also Davis v. People*, 871 P.2d 769, 773 (Colo.1994)(trial counsel must exercise reasonable professional judgment in determining, among other things, trial strategy, including whether to interview witnesses or to rely on other sources of information, or whether to call a particular witness).

Consequently, we conclude that the trial court did not err in refusing defendant's request for a midtrial determination regarding the affirmative defense instruction, nor was his privilege against self-incrimination otherwise unfairly burdened.

The judgment is affirmed.

Justice KIRSHBAUM * and Judge STERNBERG * concur.