No. 10,498.

BAKER, ET AL. v. THE PEOPLE.

Decided November 6, 1922.

Plaintiffs in error were convicted of preventing a workman from engaging in his lawful occupation, by means of threats, force and intimidation.

*Affirmed.*

*On Application for Supersedeas.*

1.  CRIMINAL LAW—*Endorsement of Witnesses on Information.* Permission for the endorsement of the names of witnesses on a criminal information at the trial, is discretionary with the court, and when granted will not constitute reversible error in the absence of a request for a continuance or showing of surprise by the defense.

*Error to the County Court of Otero County, Hon. E. C. Glenn, Judge.*

Mr. JOHN A. MARTIN, for plaintiffs in error.

Mr. VICTOR E. KEYES, attorney general, Mr. CHARLES R. CONLEE, assistant, for the people.

*En banc.*

MR. JUSTICE TELLER delivered the opinion of the court.

PLAINTIFFS in error were convicted under an information which charged that they did forcibly "by means of threats, force, and intimidation, prevent one C. H. Eckels from engaging in his lawful occupation in the yards and shops of the Atchison, Topeka & Santa Fe Railway Company at La Junta, Colorado, a place chosen by the said Eckels to work." They have brought the cause here on error, and now ask that the writ be made a supersedeas.

The only ground of error argued is that the court, over

the objection of defendants, admitted the testimony of two witnesses whose names were not endorsed upon the information. These witnesses were the sheriff of the County of Otero, and his undersheriff. The district attorney, on the trial, in asking leave to endorse the names of these witnesses on the information, stated to the court that during a recess of the court he had first learned of new testimony. The court thereupon allowed the names to be endorsed on the information, and the witnesses testified in the cause. Counsel for the defendants afterwards moved to strike the testimony, which motion was overruled. No request was made for a continuance, nor was any statement made that the defense was surprised by the calling of these witnesses.

Counsel for plaintiffs in error insist that the district attorney must have known, from the first, that these witnesses were material. If that be so, it should also have been known by the defense; that is to say, if the official positions which they held would have advised the district attorney that they would be material witnesses, that fact should have had the same effect in giving notice to the attorney for the defense.

Section 1958 R. S. 1908, specifically provides that the requirement that the names of all witnesses shall be endorsed, "shall not preclude the calling of witnesses whose names or the materiality of whose testimony are first learned by the district attorney upon the trial."

For plaintiffs in error it is insisted that no sufficient showing was made by the district attorney that he did not know of this testimony before he applied for leave to use it. That question, however, was for the trial court. The statement of the district attorney is positive, and no reason appears why the court should not have accepted his statement as true. The law is established in this jurisdiction, by a number of cases, that such testimony is admissible under the circumstances named, and that, especially where there is no request for a continuance, the admission of such testimony does not constitute error. See *Bush*

v. *The People,* 68 Colo. 75, 187 Pac. 528; *Stone v. The People,* 71 Colo. 162, 204 Pac. 897.

The supersedeas is denied and the judgment affirmed.

MR. JUSTICE CAMPBELL not participating.