## No. 13,293.

### KLOBERDANZ v. THE PEOPLE.
(31 P. [2d] 1111)

Decided April 16, 1934.

Mr. O. Otto Moore, Mr. J. Paul Hill, for plaintiff in error.

Mr. Paul P. Prosser, Attorney General, Mr. Charles H. Queary, Assistant, for the people.

*In Department.*

Mr. Justice Butler delivered the opinion of the court.

Jack Kloberdanz was convicted of operating a still for the manufacture of intoxicating liquor, and was sentenced to imprisonment in the penitentiary. He seeks a reversal of the judgment.

Only two assignments of error are argued: viz., that the court erred in permitting the district attorney to endorse on the information, just before the commencement of the trial, the names of two witnesses, and that the court erred in denying the defendant's application for a continuance. The questions presented are closely connected.

When the case was called for trial, but before the trial began, the district attorney asked permission to endorse on the information the names of Gertrude Poleski and Lucille Spahn as witnesses for the people. De-

fendant's counsel objected, stating that the defendant was not prepared to meet the testimony of the two witnesses; that he had no idea that they would be called, no way of finding out what they would testify to, and "no idea to find out anything about them." The objection was overruled and the names were endorsed on the information. When each of the two witnesses was called to the stand to testify in chief, defendant's counsel objected to her testifying. At the close of the people's case, counsel moved for a continuance for twenty-four hours in order that witnesses might be summoned to rebut the testimony of the two women, and concerning the reputation of Lucille Spahn. The application was denied and the trial proceeded and was finished on the same day.

The only testimony connecting the defendant with the crime, other than that of the two women, was given by John Poleski and Jacob Spahn, who also were charged with the same crime. The court gave a cautionary instruction concerning the testimony of accomplices. The testimony of Poleski and Spahn was flatly contradicted by the defendant. His theory was, and is, that they laid the crime to him to lessen their own punishment, if not to escape punishment entirely. In the circumstances, it was highly important to have the testimony of other witnesses, and that of the two women may well have spelled the difference between acquittal and conviction. Gertrude Poleski was the wife of John Poleski, and Lucille Spahn was the daughter of Jacob Spahn. There is nothing in the record to indicate that the district attorney did not know long before the trial what information the two women possessed concerning the facts. The offense is alleged to have been committed March 8, 1932, the information was filed December 19 of that year, and the case was tried more than four weeks thereafter. In fairness to a defendant, the district attorney should endorse the names of additional witnesses promptly upon learning of the materiality of their testimony, so as to enable the defendant to make necessary investigations and prepare

to meet their testimony, if he can. When a district attorney applies at the last minute before trial to endorse the names of witnesses on the information, some reason for the delay should appear. It is not necessary for the district attorney to make a showing by affidavit. We have held that his oral statement is sufficient where no reason appears why the trial court should not have accepted his statement as true. *Baker v. People,* 72 Colo. 207, 210 Pac. 323. The district attorney gave no reason for his delay in making the application.

The defendant supported his application for a new trial by a showing that if the twenty-four-hour continuance had been granted he could and would have produced certain named witnesses to rebut certain material testimony given by Gertrude Poleski, and also witnesses to impeach the credibility of Lucille Spahn; hence it cannot be said that the substantial rights of the defendant were not prejudiced by the trial court's rulings.

We are not swift to find that a trial court has abused its discretion; but where, as here, we are satisfied that there was an abuse of discretion and that it operated to the prejudice of a party's substantial rights, it is our duty to grant relief.

The judgment is reversed.

MR. CHIEF JUSTICE ADAMS, MR. JUSTICE BOUCK and MR. JUSTICE HOLLAND concur.