No. 18,266.

SAM GORUM *v.* PEOPLE OF THE STATE OF COLORADO.

(320 P. [2d] 340)

Decided January 13, 1958.

.

1

2

Messrs. ROBERTSON & DANKS, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. JOHN W. PATTERSON, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

PLAINTIFF in error, together with two others, was charged in the trial court with grand larceny of three reamers which were used in connection with oil drilling operations. One of his codefendants was acquitted, the other entered a plea of guilty and was sentenced to prison. The latter appeared against the defendant as a witness in the instant case. Upon trial the jury returned a verdict of guilty against defendant and after motion for a new trial was overruled he was sentenced to a term in the state penitentiary. He brings the case here for review on writ of error.

It is only fair to state that present counsel did not represent defendant in the trial court.

Six separate assignments of error are urged by counsel for defendant. We have considered each of them and deem it only necessary to refer to three; the others are not discussed as we consider them without merit. .

The assignments which remain are:

1. That the trial court erred in permitting the district attorney to endorse the name of Early Zion as a witness for the people prior to the trial.

2. That the trial court erred in permitting the district attorney to amend prior to the trial the information under which defendant was charged by changing the allegation of the ownership of the stolen property, and again during the course of the trial by adding additional persons as owners of the property allegedly stolen.

3. That the trial court erred in admitting the testimony of the witness Lovell as to transactions claimed to be of a similar character.

With reference to assignment No. 1 suffice it to say that granting leave for the endorsement of witnesses on a criminal information is discretionary with the trial court, and in the absence of a request for a continuance or a showing of surprise does not constitute reversible error. *Roll v. People,* 132 Colo. 1, 284 P. (2d) 665; *Grandbouche v. People,* 104 Colo. 175, 89 P. (2d) 577; *Kloberdanz v. People,* 95 Colo. 30, 31 P. (2d) 1111; *Baker v. People,* 72 Colo. 207, 210 Pac. 323; *Stone v. People,* 71 Colo. 162, 204 Pac. 897; *Wickman v. People,* 41 Colo. 345, 93 Pac. 478. Nowhere in the record nor in the motion for a new trial does it appear that defendant's counsel claimed surprise or demanded a continuance of the trial because of the addition of the name of witness Zion.

With reference to assignment No. 2 it is admitted that no objection was made to the amendments requested immediately before the trial, although objection was made to the amendment during the course of the trial. As we view this record none of the amendments prejudiced the substantial rights of the defendant; they had to do with a leasehold interest in the reamers which had been testified to at the trial and which constituted a special ownership sufficient to support a charge of larceny, together with a variance of one-quarter of one inch in the description of one of the reamers. We do not regard these amendments as material or

in any sense prejudicial to the rights of the defendant. The case might well have gone to the jury without the amendments, and had it been so submitted, a verdict finding defendant guilty of grand larceny would be sustained by the evidence.

With reference to assignment No. 3 it is admitted that evidence of similar transactions is admissible to show plan, intent, scheme or design. *Armijo v. People,* 134 Colo. 344, 304 P. (2d) 633; *Perry v. People,* 116 Colo. 440, 181 P. (2d) 439; *Torbert v. People,* 113 Colo. 294, 156 P. (2d) 128. The testimony objected to was to the effect that the witness Lovell together with Woods and defendant Gorum stole bits and reamers from tool yards in Vernal, Utah, and Casper, Wyoming, and that they also stole the reamers in question here. No objection to the testimony of witness Lovell was made at the trial, and no mention of this assignment of error is noted in the motion for new trial, hence we are not in a position now to note error in the trial court's ruling.

Lovell was one of the defendants who entered a plea of guilty to the charge which confronted defendant. At the time of the trial he was brought from the penitentiary to testify and his entire record was explored by counsel for defendant on cross examination. Thus the jury was well advised concerning his criminal background. It is here contended by counsel for defendant that Lovell's testimony "has no probative value; its only value is for the prejudicial effect on a jury.* * * In what manner can his unsupported testimony concerning other transactions have any probative or legal value in supporting the present charges?" The trial court gave the usual instruction concerning the testimony of an accomplice and charged the jurors that they "should act upon his testimony with great caution." In view of the instructions which amply protected defendant in all his legal rights, we cannot do otherwise than affirm the judgment, and it is so ordered.