No. 23695.

GEORGE GONZALES *v.* THE PEOPLE OF THE STATE OF COLORADO.
(477 P.2d 363)

Decided November 30, 1970.

EDWARD H. SHERMAN, Public Defender, TRUMAN E. COLES, Deputy, ISAAC MELLMAN, Special Assistant, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, GEORGE E. DEROOS, Assistant, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

THIS Writ of Error is brought by Gonzales, hereinafter referred to as the defendant, from his conviction and sentence for the crime of burglary. A second count of

larceny was dismissed after the People's evidence. The record shows that one Charles Smith testified that in the early morning hours of July 28, 1967, he was waiting for his cousin in the 1400 block of Tremont Street in Denver. He heard a window break, turned and saw a leg sticking out of a display window. He then went upstairs into the hotel where he lived, phoned the police and returned to the street.

Denver police officers O'Dea and Hartford responded to the call. Officer O'Dea testified that on arriving at 1415 Tremont Street (the location of the H. R. Meininger Corporation) he observed defendant loading items from the window of Meininger's onto a coat spread in the doorway of the establishment. A second person was also found at the scene. Because Smith told the police that this man could not have had anything to do with breaking the window, he was released.

Mr. Meininger testified at trial that he was sure that the items produced as evidence were in fact in his store window on July 27, 1967, but were missing on July 28. Mr. Meininger also testified that the items taken from the store were tagged either by himself or an employee.

After these three witnesses for the People had testified, the People rested. The defendant chose not to offer any testimony, and rested. The jury returned a verdict of guilty. Defendant asserts three allegations of error: (1) That no proper foundation was laid for the admission into evidence of some drafting equipment allegedly taken from the Meininger window, (2) that Mr. Meininger's testimony that he or an employee had tagged the items taken from the window made the identification hearsay, and the items were, therefore, improperly admitted into evidence, and (3) that the circumstantial evidence was consistent with a reasonable hypothesis of innocence, requiring a directed verdict of acquittal. We find no error.

I.

Defendant claims Mr. Meininger's testimony identifying drafting tools taken from his store was legally

inadmissible because no proper foundation was laid. We disagree. Mr. Meininger was quite specific in his testimony that the items in question belonged to him and were in his display window. Officer O'Dea testified that the items in question were being taken from the window by the defendant or were on the coat on the ground beside the defendant when he arrived at the scene. Such testimony sufficed to admit the items into evidence. In *Washington v. People*, 158 Colo. 115, 405 P.2d 735, the rule regarding identification of real evidence was explained. To be admissible into evidence, an item must only be shown to be what it purports to be, and be connected with either the perpetrator, the victim or the crime. The methods by which Meininger identified the items were matters which went to the weight of his testimony, rather than to its admissibility.

## II.

Meininger's testimony that the items to be identified contained tags put on the merchandise by his employees and that he recognized the tags was not hearsay evidence simply because the tags had in some instances been placed by employees rather than by Meininger himself. The purpose of the testimony was to identify the items as those taken from the Meininger store and the testimony amounted to direct evidence leading to identification. There was no error.

## III.

Defendant's final contention of error is that the trial court erroneously denied his motion for a directed verdict of acquittal. Defendant claims the evidence against him was as consistent with a reasonable hypothesis of innocence as with guilt. We disagree. Defendant cites *Stevenson v. People,* 148 Colo. 538, 367 P.2d 339, as authority for his argument. Our reading of *Stevenson* indicates to us that the facts are clearly distinguishable. In *Stevenson,* the evidence established only that loot from a burglary was found in the house of one Whitesel. No one saw Stevenson at the scene of the crime. The only

evidence connecting him to Whitesel's house was that he was there when Whitesel leased it, and some things with his name on them were found at the house. It was never established that Stevenson lived there or was ever in any other way in possession of the stolen goods. We held this evidence insufficient to support a conviction.

The facts in this case lead to a different result. Officer O'Dea testified that on arriving at the scene, he saw the defendant loading goods onto a coat. He saw defendant taking these goods from the store window. That it was never established that the coat belonged to the defendant is completely irrelevant. At trial, defendant tried to establish that the other man in the vicinity when the police arrived broke the window. Officer O'Dea admitted on cross-examination that this is what defendant told him. It was the jury's prerogative to believe, if it wished, the testimony of Smith that the other man could not have broken the window as he came from around the corner after Smith had heard the noise of breaking. The circumstances were such that the jury could logically infer that the defendant was the one who broke the window. Where a jury believes circumstantial evidence leading to a logical conclusion of the defendant's guilt, we will not upset a verdict based on that testimony.

The judgment is affirmed.