## No. 26410

### The People of the State of Colorado v. Walter H. Bailey

(552 P.2d 1014)

Decided August 9, 1976.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, John R. Rodman, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Lee Belstock, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

Defendant appeals his conviction of felony theft, 1971 Perm. Supp., C.R.S. 1963, 40-4-401(2),[1] on two grounds: (1) improper late endorsement of a prosecution witness; and (2) insufficiency of the evidence. We affirm.

An information was filed against the defendant[2] charging him with "the crime of theft by unlawfully taking a thing of value, to-wit: two hereford heifers belonging to Gus Konig." Accompanying the information was an. endorsement of four prosecution witnesses: Jim Konig, William Israel, Gary Knutson and Harold Andrews. The trial court ordered that any additional prosecution witnesses be endorsed no later than December 4, 1973.

On December 5, 1973, the district attorney reviewed the case file in preparation for trial. He realized at that time that he needed the testimony of Gus Konig and Andrew Berg. He telephoned defense counsel late that afternoon and left a message with his secretary to the effect that he planned to endorse these two additional witnesses. On December 7, 1973, defense counsel received written notice of the endorsement in the mail.

The trial to the court commenced on December 11, 1973. When the district attorney called Gus Konig to testify, defense counsel objected on the grounds that the witness was endorsed after the court-ordered deadline. The trial court conducted a full hearing on the late endorsement of Gus Konig and Andrew Berg. The court concluded that the district attorney had violated the court-ordered deadline for endorsement of additional witnesses, but the court, nevertheless, permitted the two prosecution witnesses to testify.

The trial court offered· the defendant a continuance on three different occasions as a result of the late endorsements. Defense counsel did not accept the offers, stating on the last refusal: "No, your Honor, we don't request the continuance at this time, but don't want that to act as a waiver to our objection."

The trial continued, and defendant did not request a continuance. The evidence indicated that about 8:30 P.M. on March 2, 1973, Jim Konig, a cattle rancher, heard a noisy vehicle drive along a seldom-used road passing through his pasture land. He noticed that the vehicle stopped at a place where there was no fence to keep his cattle from wandering onto the road from the pasture. He went to investigate, but was unable to reach the vehicle before it disappeared into the night. An immediate check of his herd revealed that four two-week-old hereford calves were missing.

Jim Konig then told his father, Gus Konig, who was a co-owner of the cattle, about the incident. Gus Konig telephoned the sheriff's department

---

[1]Now section 18-4-401(2), C.R.S. 1973.

[2]Hazel Bailey, wife of the defendant, and Andrew Berg were also charged in the same information. However, they were given deferred prosecutions some three months prior to the defendant's trial.

to report the occurrence. Officer Harold Andrews was sent to the Konigs' house to investigate.

The four missing calves were described as two hereford bulls and two hereford heifers. They were approximately two weeks old. They were not branded, but were marked with a "Lone Star" tag in the left ear. The tagger made a U-shaped slot, and its use was not widespread in the area. The value of each of the calves was an estimated $100 to $150.

Andrew Berg, a co-defendant and son-in-law of defendant, was given immunity during trial so that he could testify against defendant. He testified that he saw the defendant steal some hereford calves along an unfenced road some fifteen miles north of defendant's home, although the witness was not exactly certain of the location. Independent evidence indicated that the Konigs' ranch was approximately twenty-five miles north of defendant's home. The calves were taken to defendant's home where the ear tags were removed.

Approximately a week or so after the missing calves were reported, Jim Konig observed a vehicle stopping on the road where he had noticed the vehicle stop on the evening of March 2. He followed the vehicle, a Ford pickup truck, in his car until the truck stopped at the residence of defendant's mother. Jim Konig wrote down the license number of the truck, which was registered in the defendant's name. He then left without pursuing the matter further. No additional calves were reported missing that evening from the Konigs' herd. The incident was reported to the sheriff's department the next morning.

Officer Andrews investigated the incident. On March 25, 1973, Officer Andrews went to defendant's home, accompanied by William Israel, a Colorado state brand inspector. The officer informed defendant that he had a search warrant and that the defendant was under investigation for cattle theft. The officer read defendant his rights. Defendant then led the officer to his shed where the officer observed four calves. The officer then telephoned Jim Konig because two of the calves matched the description of the Konigs' missing cattle. Jim Konig arrived and identified the calves as his, noting the "Lone Star" ear tagger slot in the left ear of one and the barely visible slot in the other calf's partially torn left ear. Konig took the two calves to his home.

Based upon this evidence, the trial court found the defendant guilty and sentenced him to the penitentiary.

### I. LATE ENDORSEMENT OF WITNESS BERG

■ Defendant contends that the late endorsement of Andrew Berg[3] by the prosecution constituted reversible error because:

---

[3]Although Gus Konig was also endorsed late, the defendant does not address the issue of late endorsement as it applied to Gus Konig. Therefore, we shall not address the issue in this opinion.

"(1) the late endorsed witness' testimony was critical to the People's case, (2) the court had set a cut-off date for late endorsement that was not complied with, and (3) the prosecutor should have known of the materiality of the late endorsed witness before the cut-off date set by the court."

The endorsement of witnesses in criminal cases is governed by the following rule:

"At the time of filing either the indictment or the information, the prosecuting attorney shall file with the court a written list of names and addresses of the witnesses then known to him whom he intends to call during the trial." Crim. P. 7(d).[4]

Compliance with this rule is mandatory for the district attorney, *Wickham v. People*, 41 Colo. 345, 93 P. 478 (1907), so that the defendant can adequately prepare his defense by investigating the information furnished by endorsed witnesses. *Kloberdanz v. People*, 95 Colo. 30, 31 P. 1111 (1934). However, granting leave for the late endorsement of witnesses by the prosecution is a matter within the discretion of the trial court. *People v. Buckner*, 180 Colo. 65, 504 P.2d 669 (1972); *Corbett v. People*, 153 Colo. 457, 387 P.2d 409 (1963).

In order to constitute reversible error where there is a late endorsement of a witness, the defendant must show that he was prejudiced because the appearance of the witness surprised him and because he did not have adequate opportunity to interview the witness prior to trial. *Reed v. People*, 171 Colo. 421, 467 P.2d 809 (1970); *Stoudt v. People*, 156 Colo. 568, 400 P.2d 670 (1965); *Eckhardt v. People*, 126 Colo. 18, 247 P.2d 673 (1952); *Boykin v. People*, 22 Colo. 496, 45 P. 419 (1896). Furthermore, even where such prejudice is shown, the granting of leave for late endorsement is not reversible error unless the defendant makes a timely request for a continuance which is denied by the trial court. *Reed v. People, supra*; *Gorum v. People*, 137 Colo. 1, 320 P.2d 340 (1958); *Askew v. People*, 23 Colo. 446, 48 P. 524 (1897).

Defendant failed to make a timely request for a continuance. The trial court asked defense counsel three times if he desired a continuance, and defense counsel responded in the negative on each occasion. Although defense counsel specifically stated that his decision to refrain from requesting a continuance was not a waiver of his objection, his refusal to request a continuance was, in fact, a waiver of his claim of prejudicial error.

While we encourage the prosecution to endorse additional witnesses prior to trial, *Reed v. People*, 171 Colo. 421, 467 P.2d 809 (1970), and do not condone the late endorsement of witnesses by the prosecution where diligent preparation would have revealed their materiality at an earlier

---

[4]Formerly, Crim. P. 7(b)(1).

time, *see Eckhardt v. People*, 126 Colo. 18, 247 P.2d 673 (1952); *Kloberdanz v. People*, 95 Colo. 30, 31 P.2d 1111 (1934), nevertheless, there is no reversible error under the circumstances of this case.

## II. INSUFFICIENCY OF THE EVIDENCE

Defendant concedes that

". . . the trier of facts could infer that Defendant stole some calves from a location that may have been near the victim's ranch at a time approximating when the victim lost four calves. One can also infer that the calves found at the Bailey's residence looked like the missing calves."

Nevertheless, defendant contends that "the People failed to prove that Defendant took any cattle from Konig on the date charged and that the People failed to prove that the cattle found at the Bailey residence were the cattle missing from the Konig ranch." We disagree.

Andrew Berg, who participated in several cattle thefts with defendant, testified that on the evening of March 2, 1973, along a road passing through an unfenced pasture approximately ten to fifteen miles north of the Bailey residence, he participated with the defendant in the theft of three hereford calves with ear tags. He testified that the calves which were brought back to the defendant's farm probably were the ones identified and claimed by Jim Konig on March 25.

On the same night of March 2, Jim Konig reported that four hereford calves were missing and gave details of the vehicle which stopped on the road passing through his unfenced pastureland. He provided the sheriff's office with the essential information on the identification of the calves. The identification of the two hereford heifers which were recovered corresponded to the identification provided by Konig: hereford heifers with "Lone Star" ear tag U-shaped slots in the left ear, which calves would have been approximately six weeks old at the time of recovery. It is not essential that the identification of allegedly stolen property be totally free from doubt in order to be admissible, but rather the uncertainty of the identification of the alleged stolen property goes to the weight of the evidence. *Gonzales v. People*, 173 Colo. 243, 477 P.2d 363 (1970). As such, it was a matter for determination by the trier of fact.

We hold that there was sufficient evidence to support the conviction.

The judgment is affirmed.

MR. JUSTICE LEE and MR. JUSTICE ERICKSON do not participate.