The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Craig Alan DAVENPORT, a/k/a Craig Alan Healey, Defendant-Appellant.

No. 78–551.

Colorado Court of Appeals, Div. II.

July 19, 1979.

Rehearing Denied Aug. 30, 1979.

Certiorari Denied Nov. 19, 1979.

J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., William Morris, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Martin, Brauchli & Jevons, E. Gregory Martin, Barre M. Sakol, Boulder, for defendant-appellant.

PIERCE, Judge.

We affirm defendant's jury convictions of two counts of second degree murder.

Defendant argues that the district court was without jurisdiction either to convict or to sentence him without a hearing first being held before the juvenile court. We disagree.

Defendant was 15 years old when the indictment, charging him with two counts of first degree murder, was filed directly in the district court. Generally, a juvenile may be subjected to the criminal jurisdiction of the district court only after a determination by the juvenile court that such a disposition would be in the best interest of the child or the public. Section 19–1–104(4)(a), C.R.S. 1973 (1978 Repl. Vol. 8). However, § 19–1–104(4)(b), C.R.S. 1973 (1978 Repl. Vol. 8), provides:

"A child may be *charged* with the commission of a felony only after the hearing as provided in paragraph (a) of this subsection (4), *or* when the child is:

"(I) *Alleged* to have committed a crime of violence defined by § 18–1–105, C.R.S. 1973, as a class 1 felony, and is fourteen years of age or older . . ." (emphasis added)

Defendant does not dispute the fact that he was 14 years or older when the indictment was filed, or that the charged offense, first degree murder, is a class 1 felony. Instead, defendant argues that since he was convicted only of the lesser offense of second degree murder, and since second degree murder is a class 2 felony for which he could not have been indicted initially without a juvenile court hearing, the district court was without jurisdiction to sentence him without first referring the matter to the juvenile court.

The plain language of the statute disposes of this contention. The use of the words "charged" and "alleged" in § 19–1–104(4)(b) demonstrates that the General Assembly intended the *indictment*, and not the subsequent conviction, to trigger the allocation of juvenile and district court jurisdiction. Once an indictment charging a class 1 felony is filed, the jurisdiction of the district court is expressly fixed under § 19–1–104(4)(b)(I), C.R.S. 1973, and that jurisdiction is not lost simply because the juvenile defendant is convicted of a lesser offense. *See Gray v. State*, 6 Md.App. 677, 253 A.2d 395 (1969).

Defendant also contends that the trial court erred in ruling that an unendorsed prosecution witness would be allowed to testify in rebuttal should defendant take the stand. We find no reversible error.

During the prosecution's case-in-chief, the district attorney learned of an inculpatory statement which defendant had allegedly made before trial to Richard Vigil, a co-prisoner. Defense counsel and the trial court were informed of the statement as soon as the district attorney became aware of it. The district attorney initially chose not to call Vigil in his case-in-chief, but indicated later that he would be called in rebuttal should defendant elect to take the stand. Defense counsel objected, arguing that since Vigil was not endorsed pursuant to Crim.P. 16(I)(a), and since the district attorney had indicated he would not be called, Vigil could not testify.

An in camera hearing was held, and the trial court ruled that the inculpatory statement could be admitted through Vigil to impeach defendant's testimony, if any. The court also offered defendant a one day continuance to investigate the statement, but defendant declined the offer, and chose not to testify.

Assuming, without deciding, that the district attorney was obligated under Crim.P. 16(I)(a) to endorse Vigil even if he intended only to call him in rebuttal, we conclude that any error in this regard was not reversible, since defendant neither accepted the court's offer of a continuance nor indicated that the amount of time offered was inadequate. Under these circumstances, defendant cannot complain that Vigil's proposed testimony would have left him unprepared. *See People v. Bailey*, 191 Colo. 366, 552 P.2d 1014 (1976).

Defendant also argues that the trial court erred in refusing to permit a defense witness, Robert Clay, to testify. Again, we disagree.

Defendant's offer of proof indicated that Clay's testimony would support defendant's theory of alibi. Specifically, defendant had introduced evidence that he was hunting a deer at the time of the murders, and that,

although he had shot a deer, he was unable to load it into his pickup truck, and returned home without it. However, no trace of any deer was ever found in the area in which defendant was supposed to have been hunting. Purportedly, Clay's testimony was to shed some light on the absence of any deer carcass.

Since the substance of Clay's proposed testimony was introduced by defendant through another witness, any error in excluding Clay's testimony was harmless. Defendant's uncle testified that he had had experiences in which deer had gotten back up after being shot, which would explain why authorities could not find any deer carcass in the immediate area. In view of this testimony, we cannot say that defendant's rights were substantially affected by Clay's exclusion. *See* Crim.P. 52(a).

The balance of defendant's assignments of error are without merit.

Judgment affirmed.

SMITH and RULAND, JJ., concur.