**The PEOPLE of the State of Colorado, Petitioner-Appellee, In the Interest of B.R.M., a Minor Child Appellant, and concerning L.S.**

### No. 81CA1222.

Colorado Court of Appeals, Div. II.

Sept. 9, 1982.

78

Berkley Rasband, P.C., Berkley Rasband, Englewood, for child-appellant.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Joel W. Cantrick, Sp. Asst. Atty. Gen., Maureen Phelan, Asst. Atty. Gen., Denver, for petitioner-appellee.

VAN CISE, Judge.

In this delinquency proceeding, the jury found that B.R.M. had committed acts which would constitute the crime of second degree burglary of a dwelling if committed by an adult but acquitted B.R.M. of having committed acts which would constitute misdemeanor theft. The trial court entered judgment on the verdicts and adjudicated B.R.M. a delinquent child. On this appeal, B.R.M. contends that there was insufficient evidence to sustain the jury verdict as to the burglary charge, that the trial court permitted testimony from prosecution witnesses who had not been endorsed, and that the verdicts are inconsistent. We affirm.

The victim of the burglary testified that he was awakened by an intruder at 3:45 a.m. He could describe only the intruder's size and build, which he said were consistent with B.R.M.'s. The intruder had entered through an unlocked downstairs window from which a storm window had been removed. The victim noticed that the intruder was wearing a trench coat which, after he discovered that his coat had been taken in the burglary, he identified as his coat. The intruder apparently fled when the victim made some noise. Nothing was taken other than the coat and the victim's car keys which were in the coat pocket.

The police arrived in the area within minutes after the victim's burglary report. One officer testified that he observed two "suspects" about one block from the burglarized residence; they started running

when they saw his police car. The officer saw one of the suspects drop something which turned out to be the victim's coat. The officer lost sight of the two suspects for approximately 10 minutes. He then apprehended B.R.M. who, although it was a cold night, was not wearing a coat and who said that he was running from people who were trying to jump him. The officer found nothing on B.R.M. to link him to the burglary.

B.R.M. testified that he ran from the police because he had an outstanding warrant on a traffic offense and because he had some marijuana on him. The arresting officer did not recall finding any marijuana on B.R.M.

A police detective testified that he lifted fingerprints from inside the storm window that had been removed to gain entrance to the house. The expert witness who identified the fingerprint as that of B.R.M. testified initially that the print was obtained from outside a storm window. He based this statement on an entry in the report he received from the officer who lifted the print, as follows, "storm window removed, point of entry." The expert indicated on cross-examination that he did not know whether the print came from the inside or outside of the window.

■ Relying on *People v. Ray,* 626 P.2d 167 (Colo.1981), B.R.M. contends that the only evidence that linked him to the burglary was the fingerprint and that this evidence alone cannot sustain the jury's verdict. *Ray* stands for the proposition that where a fingerprint is recovered at the crime scene at a point where the general public has access, and that print is the only evidence of guilt, it is not sufficient to sustain a conviction. However, here there was considerable other circumstantial evidence linking B.R.M. to the burglary. He was found running in the vicinity of the burglarized residence at a time when there were few people on the street; he was without a coat on a cold night shortly after the victim's coat had been discarded by one of two fleeing individuals; and he was identified as a person of comparable size and

build as the burglar. Moreover, contrary to B.R.M.'s contention, there was evidence that the fingerprint was on the inside of the storm window and hence not readily accessible to the general public. Considering all of the evidence, including the fingerprint evidence, and viewing it in a light most favorable to the jury's verdict, *People v. Bennett,* 183 Colo. 125, 515 P.2d 466 (1973), we conclude that it is sufficient to support a finding that B.R.M. was the burglar.

B.R.M. contends also that the trial court erred in allowing the police officers who presented the fingerprint evidence to testify and in denying his motion for mistrial based on their testimony. His argument is that he received no written notice of these witnesses' names and addresses when they became known to the prosecuting attorney, as required by § 16–5–203, C.R.S. 1973 (1978 Repl. Vol. 8).

> That statute provides in pertinent part: "[T]he district attorney shall file with the court at the time of filing the . . . information . . . a written list of the names and addresses of the witnesses whom he intends to call upon the trial and who are then known to him. He shall also furnish the defendant in writing prior to trial the names and addresses of any additional witnesses who have become known to him prior to trial and whom he intends to call upon trial, but this shall not preclude the calling of witnesses whose names or the materiality of whose testimony are first learned by the district attorney upon the trial. . . ."

Here, it was established that the prosecutor, when he learned of the positive identification of B.R.M.'s fingerprint, sought to advise B.R.M.'s counsel and to make sure that he knew of the witnesses and reports for this and another case pending against B.R.M., in which an earlier fingerprint identification had been made. The trial court found that there appeared to have been "some miscommunication" between counsel but no deliberate withholding of information by the prosecution. It determined that B.R.M. had an opportunity to examine the fingerprint evidence, that he was not preju-

diced or surprised, and that neither a mistrial nor exclusion of the witnesses' testimony was warranted. The court granted counsel time to talk to the witnesses. No continuance was requested, and B.R.M.'s counsel stated that he required less time to interview the witnesses than proposed by the court.

■ We agree with B.R.M. that the statute is mandatory. *Wickham v. People,* 41 Colo. 345, 93 P. 478 (1907). However, noncompliance does not require reversal where a continuance has not been requested and surprise or prejudice has not been shown. *Wickham, supra; see People v. Adler,* 629 P.2d 569 (Colo.1981); *People v. Bailey,* 191 Colo. 366, 552 P.2d 1014 (1978).

■ Here, B.R.M.'s counsel knew of the witnesses before trial, was offered more time than he needed to interview them, and, in fact, did interview them and was fully prepared for their testimony. He did not at trial, and does not now, assert surprise or prejudice resulting from the failure to provide the names in writing. He also did not request a continuance. Hence, there was no reversible error. *See People v. Adler, supra; see also People v. Davenport,* 43 Colo.App. 41, 602 P.2d 871 (1979).

*Eckhardt v. People,* 126 Colo. 18, 247 P.2d 673 (1952), relied on by B.R.M., does not require a different result. There, reversal was required because the testimony of the unendorsed witnesses, whose existence was not known to the defendant prior to trial, was improper rebuttal testimony.

■ B.R.M.'s final contention, that the verdicts were inconsistent, is also without merit. He argues that the jury was not instructed on complicity and therefore could not conclude, based on the evidence it received, that B.R.M. entered the victim's home but did not take the coat. However, to sustain a finding of guilt on the charge of theft, the jury had to find that B.R.M. took items with a value less than $50. *See* § 18–4–401(1) and (2)(a), C.R.S. 1973 (1978 Repl. Vol. 8.) The jury could have concluded, as argued by B.R.M.'s counsel in his summation, that the prosecution did not sustain its burden on the value element of the offense of theft. We agree with the People that the jury may have been misled by counsel's argument, that any error resulting therefrom was invited, and, in any event, was favorable to B.R.M. Hence, he may not now complain. *See People v. Shackelford,* 182 Colo. 48, 511 P.2d 19 (1973); *Walker v. People,* 175 Colo. 173, 489 P.2d 584 (1971).

Judgment affirmed.

SMITH and STERNBERG, JJ., concur.