**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Joseph John CASTANGO, Defendant-Appellant.**

**Nos. 81CA0502, 81CA0505.**

Colorado Court of Appeals, Div. II.

July 7, 1983.

Rehearing Denied Aug. 4, 1983.

J.D. MacFarlane, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Nicholas J. Bourg, Colorado Springs, for defendant-appellant.

STERNBERG, Judge.

In this consolidated appeal, defendant, Joseph J. Castango, appeals his convictions of misdemeanor theft by receiving, conspiracy to commit aggravated robbery, and aggravated robbery. We affirm.

## I.

. Three issues are raised on appeal, each having separate factual bases. The first issue evolved as follows. Defendant was called to testify before the grand jury in connection with the robbery of a self-storage warehouse. Defendant allegedly was a participant in the robbery and refused to testify on the grounds that his testimony would tend to incriminate him. The grand jury voted to grant immunity to defendant. Immunity was ordered by the trial court pursuant to § 13–90–118, C.R.S.1973; however, defendant persisted in his refusal to testify. When brought before the court defendant explained that he refused to testify out of fear of retaliation for his testimony. He would not disclose the basis of this fear, explaining only that to do so would expose him to the same risk as would testifying. The court then found him to be in contempt of court and remanded him to the sheriff until he changed his mind.

When the grand jury term expired, defendant had still not testified. He was released from jail and arrested four days later in connection with the self-storage warehouse robbery. According to defendant, this prosecution should have been barred by the immunity statute and by principles of fairness. We disagree.

. ■ Colorado's immunity statute, § 13–90–118, C.R.S.1973, grants courts authority to confer transactional immunity which, by definition, forbids prosecution for any transaction or affair "about which the witness testifies." *Steinberger v. District Court,* 198 Colo. 59, 596 P.2d 755 (1979). Not having testified, defendant was not prosecuted in violation of this statute.

Nevertheless, defendant contends that basic principles of fairness forbade his prosecution in that he faced a "Hobson's choice" between risking his safety or losing his liberty. In making this argument, defendant overlooks the available remedy for the contempt incarceration. Had he presented sufficient facts to allow the trial court to determine whether compliance with the order to testify would be oppressive, under

§ 16–5–204(4)(i)(II), C.R.S.1973 (1978 Repl. Vol. 8), he would not have been subject to confinement for his failure to testify. Circumstances which would relieve defendant of the requirement that he testify or be found in contempt do not, however, protect him from prosecution, and thus, the trial court properly refused to dismiss the complaint.

## II.

Defendant next contends that the trial court's decision to allow the prosecution to endorse four additional witnesses on the day of trial, a Monday, was an abuse of discretion. We disagree.

The witnesses' testimony was intended to link certain evidence to the robbery. Two of them had testified at a trial the previous week in which defendant's counsel had participated. Their testimony in the earlier trial was also for the purpose of linking evidence to the robbery and defendant had learned that they would be endorsed the preceding Friday. Defendant admitted that the third witness was just "a technical witness" and that he would not be greatly surprised by the witness' testimony. As to these three witnesses, defendant did not request a continuance in order adequately to prepare cross-examination.

The fourth witness was arriving that day from another state. His endorsement was permitted upon the condition that he be made available to defendant prior to his testifying as a witness.

■ Crim.P. 7(d) requires that, at the time of filing the information, the prosecuting attorney file a list of names and addresses of witnesses whom he intends to call during trial. Compliance with Crim.P. 7(d) is mandatory. *People v. Bailey,* 191 Colo. 366, 552 P.2d 1014 (1976). Nevertheless, granting leave for late endorsement is discretionary with the trial court and is not reversible error unless defendant shows prejudice by virtue of surprise and lack of an adequate opportunity to interview the witness. *People v. Bailey, supra.*

■ Not only was defendant familiar with the substance of the testimony of three of the witnesses, but he did not request a continuance for the purpose of interviewing them. Endorsement of the fourth witness was conditioned upon defendant having access prior to the witness' testifying, and there is no suggestion that this requirement was not honored. Thus, the trial court did not abuse its discretion.

## III.

The third issue on appeal is based on the theft by receiving charge. Defendant was charged with this crime for the first time on April 7, 1980. The charge was dismissed on motion of the prosecution before defendant entered a plea. The reasons for dismissal do not appear in the record; however, the district attorney informed the grand jury that it was his understanding that the evidence on that charge was "fairly weak" and that it was to be dismissed "if [defendant] cooperates."

Subsequently, during the grand jury proceeding, additional facts relating to the stolen property were revealed. The prosecution filed another information against defendant on this charge on June 13, 1980, while defendant was still serving his contempt sentence. He was tried on January 26, 1981. Defendant does not contend that the time elapsed between the first charge and his trial violated his statutory right to a speedy trial. Rather, he argues that the prosecution dismissed the first charge with improper motives, and as a result, this trial violated his constitutional right to a speedy trial. We do not agree.

■ A prosecutor has discretion to seek dismissal of charges, pending further investigation of a case, even if a defendant may be somewhat prejudiced as a result. *People v. Small,* 631 P.2d 148 (Colo.1981). The procedure for dismissal is by motion in open court, and is subject to the court's consent and approval. Crim.P. 48(a). Defendant does not contend that the court abused its discretion in accepting a *nolle prosequi,* and the record of that proceeding not being before us, we must assume it was properly

granted. *People v. Roark,* 643 P.2d 756 (Colo.1982). Additionally, we note that the district attorney's "understanding" of the reason for dismissal indicates a strong likelihood of a valid investigatory purpose. *See People v. Small, supra.*

A defendant does not have a constitutional right to a speedy indictment. *People ex rel. Coca v. District Court,* 187 Colo. 280, 530 P.2d 958 (1975). Thus, because the speedy trial clauses of the United States and Colorado Constitutions do not apply to the period before a defendant is officially accused, *United States v. MacDonald,* 456 U.S. 1, 102 S.Ct. 1497, 71 L.Ed.2d 696 (1982); *People v. Velasquez,* 641 P.2d 943 (Colo.1982), no right to a speedy trial arises once the prosecution has, in good faith, formally dropped the charges. *United States v. MacDonald, supra; People v. Watson,* 666 P.2d 1114 (Colo.App.1983).

Absent a claim under the speedy trial clauses, a delay between the first filing and the trial for that offense warrants reversal only if the time taken for additional investigation "shocks 'the community's sense of fair play and decency.'" *People v. Small, supra.* This principle of fundamental fairness is violated if there is actual prejudice to the defendant, and intentional or negligent misconduct on the government's part. Here, the delay between filings was just over two months, and the total time elapsed was approximately ten months. Defendant has not shown that this delay was prejudicial.

The judgments are affirmed.

PIERCE and SMITH, JJ., concur.