The **PEOPLE** of the State of Colorado, Plaintiff-Appellee,

v.

Doroteo **ANTUNES**, Defendant-Appellant.

No. 82CA0882.

Colorado Court of Appeals, Div. II.

Feb. 9, 1984.

Rehearing Denied March 8, 1984.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Milton Hutchins, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Kate Knickrehm, Sp. Deputy State Public Defender, Denver, for defendant-appellant.

BABCOCK, Judge.

The defendant, Doroteo Antunes, appeals the judgment of conviction entered upon the jury verdict finding him guilty of second degree assault. We affirm.

## I.

The defendant first contends that the trial court erred in permitting late endorsement of witnesses. We disagree.

At trial the prosecution called only one late endorsed witness. With regard to this witness, the trial court found that the defendant failed to establish surprise or prejudice because (1) the identity of the witness was listed in police reports earlier furnished to the defense and (2) the defense had knowledge of the basic substance of the witness' testimony since the time of the preliminary hearing held approximately four months before trial. The defendant did not request a continuance.

The granting of leave for late endorsement is within the discretion of the trial court and is not reversible error unless the defendant establishes prejudice because of the late endorsement and makes a timely request for a continuance which is denied. *People v. Bailey*, 191 Colo. 366, 552 P.2d 1014 (1976). Here, the record supports the trial court's finding that the defendant failed to establish prejudice and failed to request a continuance. Thus, we find no abuse of discretion in permitting the late endorsement.

## II.

The defendant also asserts that the trial court erred in denying his motion in limine to exclude the victim as a witness. We disagree.

At the time of the assault on October 7, 1979, the victim, a Mexican citizen, was in this country, residing in Fort Lupton, as an illegal alien. The information filed on October 10, 1979, endorsed the victim as a witness listing his Fort Lupton address. Shortly after his release from the hospital two weeks after the assault, he returned to Mexico and did not come back to Colorado until May 3, 1982, eight days before trial.

Neither the defense nor the prosecution learned that the victim had returned to Mexico until shortly before the preliminary

hearing held January 14, 1982. No discovery motion was filed by the defense until January 8, 1982, and no effort to determine the whereabouts of the victim or to contact the victim was made by the defense.

On May 5, defendant moved to exclude the victim's testimony claiming that late production of the witness for interview prevented adequate preparation for trial. Finding no showing of prejudice, the trial court denied the motion without prejudice and with leave to renew the motion if later interviews showed a need for additional discovery. Again, no motion for continuance was made.

■ We conclude that the failure to move for continuance is fatal to defendant's claim of error on appeal regarding denial of his motion in limine. *See People v. Bailey, supra; People in Interest of B.R.M.*, 653 P.2d 77 (Colo.App.1982). Moreover, the record shows that the defense interviewed the victim before trial, that the victim's testimony was not complex, and that defense counsel thoroughly and adequately cross-examined the victim.

### III.

■ Finally, defendant contends that the trial court erred in denying his motion to dismiss at the beginning of trial upon the ground that the prosecutor's failure to inform witnesses that they should talk to the defendant's investigator constituted prosecutorial misconduct causing prejudicial impairment of the defense investigation. Again, we disagree.

Crim.P. 16 III(a) provides that:

"Subject to the provisions of Parts I(e) and III(d), neither the prosecuting attorney, the defense counsel, nor other prosecution or defense personnel shall advise persons having relevant material or information (except the defendant) to refrain from discussing the case with opposing counsel or showing opposing counsel any relevant material, nor shall they otherwise impede counsel's investigation of the case . . . ."

I ABA, *Standards for Criminal Justice*, Standard 3–3.1(c) (2d ed. 1982 supp.) provides:

"A prosecutor should not discourage or obstruct communication between prospective witnesses and defense counsel. It is unprofessional conduct for the prosecutor to advise any person or cause any person to be advised to decline to give to the defense information which such person has the right to give."

Three prosecution witnesses declined to discuss the case with the defendant's investigator. The undisputed testimony was that the prosecutor advised them that:

"It is up to all of you. If you want to talk to Pat Prado or anybody from the public defender's office, you may, and if you don't want to, you don't have to. If he comes again, it's your choice. If you want to, you can; if you don't want to, you don't have to."

We conclude that the prosecutor's instructions here meet the requirements of Crim.P. 16 III(a) and ABA Standard 3–3.1(c). Thus, the trial court did not err in finding no prosecutorial misconduct in this regard.

Judgment affirmed.

BERMAN and KELLY, JJ., concur.