The **PEOPLE** of the State of Colorado, Plaintiff-Appellee,

v.

Arthur **HERNANDEZ**, Jr., Defendant-Appellant.

No. 82CA1453.

Colorado Court of Appeals, Div. III.

June 21, 1984.

Rehearing Denied July 26, 1984.

Certiorari Denied Nov. 13, 1984.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Patricia Wallace, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Michael J. Heher, Deputy State Public Defender, Denver, for defendant-appellant.

TURSI, Judge.

After a transfer hearing conducted pursuant to § 19–3–108, C.R.S. (1978 Repl.Vol. 8), a matter pending against Arthur R. Hernandez, Jr., in the juvenile division of the Adams County District Court was certified to the district court for criminal prosecution. In the district court, Hernandez was charged with the offenses of attempted first degree murder, a class 2 felony, and theft from a person, a class 5 felony. Trial of the charges resulted in a not guilty verdict on the attempted murder count, and a guilty verdict on the theft count. After entry of the verdicts, Hernandez moved to have the matter remanded to juvenile court. The motion was denied. Hernandez

was sentenced as an adult and appeals the jurisdiction of the district court to sentence him in this manner. We affirm.

Hernandez contends that the juvenile court's decision to certify him for criminal prosecution was based upon the "depravity" of the attempted murder. Therefore, he argues, since he was acquitted of the attempted murder charge, the trial court lacked jurisdiction to sentence him as an adult on his theft conviction. We disagree.

The Children's Code, § 19–1–101, et seq., C.R.S., (1978 Repl.Vol. 8) specifically sets forth the methods by which a felony information may be instituted against a person under 18 years of age. Section 19–1–104(4)(a), C.R.S. (1978 Repl.Vol. 8) provides that the juvenile court may waive jurisdiction over a child alleged to be delinquent by reason of having committed an act constituting a felony if committed by an adult. *People ex rel. Rodello v. District Court*, 164 Colo. 530, 436 P.2d 672 (1968); *People v. Davenport*, 43 Colo.App. 41, 602 P.2d 871 (1979). Here, after considering the factors set forth in § 19–3–108(2)(b), C.R.S., (1978 Repl.Vol. 8), the juvenile court transferred jurisdiction over Hernandez to the district court.

▮▮▮ We conclude that whenever a juvenile court elects to waive its jurisdiction over a child and certifies the child to the criminal jurisdiction of a district court, the district court retains jurisdiction over the child, and it may properly impose sentence for any resulting felony convictions. *See People v. Davenport, supra.* Although § 19–1–104(4)(c), C.R.S. (1978 Repl.Vol. 8), grants the district court the power to dispose of the case as would a juvenile court, or to remand the case to the juvenile court for disposition, the decision to do so is within the discretion of the district court. We find no abuse of that discretion here.

The judgment of the trial court imposing sentence upon defendant for the conviction of theft from a person is affirmed.

KELLY and METZGER, JJ., concur.