The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Gary WANDEL, Defendant-Appellant.

No. 84CA0040.

Colorado Court of Appeals,
Div. I.

Sept. 19, 1985.

Rehearing Denied Oct. 17, 1985.

Certiorari Denied (Wandel) Jan. 21, 1968.

Here, at 1:00 A.M., police officers noticed a vehicle in an alley backing away from a building, and then proceeding without its lights on. Then, when the vehicle stopped, its occupants failed to follow the officers' instructions, and the officers saw merchandise in the car. These circumstances were sufficient to meet the test for an investigatory stop. Also, the purpose of the temporary detention and pat down search were reasonable. Finally, the scope and character of the intrusion were reasonably related to the purpose of ensuring safety while conducting a field investigation of suspected criminal activity. *People v. Tate, supra; People v. White,* 680 P.2d 1318 (Colo. App.1984).

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Law Offices of Worstell & Wyatt, Neal Dunning, Denver, for defendant-appellant.

PIERCE, Judge.

Defendant, Gary Wandel, was convicted by a jury of second-degree burglary. In the second portion of the bifurcated trial, the same jury found defendant had been convicted of two prior felonies and he was adjudicated an habitual offender. Defendant has appealed from the judgments of conviction and sentence. We affirm.

I.

Wandel first contends that the officers were not justified in detaining him or performing the "pat down" search. We disagree.

■ An investigatory stop and a limited search are justified on less than probable cause if there is an articulable and specific basis in fact for suspecting that criminal activity has or is about to take place, the purpose of the intrusion is reasonable, and the scope and character of the intrusion are reasonably related to its purpose. *People v. Tate,* 657 P.2d 955 (Colo.1983).

II.

Wandel also contends that the trial court abused its discretion in denying his motion for severance. We disagree.

Counsel for each of the co-defendants made comments during closing arguments to the effect that the other defendant was solely responsible for the burglary. Wandel contends that this made the defenses antagonistic, thus requiring severance.

■ Here, both defendants denied participation in the crime, the evidence was equally strong against each, and neither defendant testified nor presented any evidence that the other defendant was solely responsible. Therefore, severance was not mandatory in this case because there was no material evidence admissible against one defendant but not against the other. Section 16–7–101, C.R.S. (1978 Repl. Vol. 8).

The question of severance was, as a result, one for the discretion of the trial court, and a denial of the motion will not be overturned on appeal unless it is shown that the denial prejudiced a defendant. *People v. Barela,* 689 P.2d 689 (Colo.App. 1984).

One of the criteria for determining whether possible prejudice to a defendant justifies severance is whether the defendants assert antagonistic defenses. *People v. Gonzales,* 198 Colo. 450, 601 P.2d 1366

(1979); *People v. Vigil,* 678 P.2d 554 (Colo. App.1983).

Here, both defendants were identically charged with second degree burglary, the charges arose from the same criminal episode, both denied participation in the crime, and neither testified nor presented any evidence that the other defendant was solely responsible. Under these circumstances the comments of the defense attorneys were insufficient to establish the existence of antagonistic defenses, and the trial court did not abuse its discretion in refusing to order severance. *See People v. Manners,* 713 P.2d 1348 (Colo.App.1985); *People v. Durre,* 713 P.2d 1344 (Colo.App.1985).

### III.

■ Defendant also contends that it was error to allow amendment of an habitual criminal count prior to presentation of the evidence but after the jury had been sworn. We disagree.

The original charge alleged that defendant pled *nolo contendere* to the charge of theft on August 24, 1979, then "on January 11, 1980, was sentenced therefor by Judge Karen S. Metzger, said sentence being suspenced (sic) on July 10, 1980 by Judge Daniel B. Sparr." The amended charge stated that the sentence was suspended in January 1980, and that on July 10, 1980, the portion of the order suspending the sentence was vacated by Judge Daniel B. Sparr.

The dates which were amended were not an essential element of the habitual criminal count, nor did the amendments charge an additional or different offense. Further, Wandel did not request a continuance and, therefore, has no basis now to claim prejudice or surprise. In these circumstances, the trial court did not abuse its discretion in permitting the amendment. Crim.P. 7(e); *People v. Swain,* 43 Colo. App. 343, 607 P.2d 396 (1979).

### IV.

■ Wandel further contends that the trial court erred in allowing the prosecution to endorse an additional witness while the trial was in progress. The witness so endorsed was a court clerk called to testify regarding defendant's previous felony convictions. The endorsement was requested because the clerk who had been previously endorsed was unavailable to testify.

Crim.P. 7(d) requires that the prosecuting attorney file a list of names and addresses of witnesses at the same time the information is filed. Although compliance with Crim.P. 7(d) is mandatory, granting leave for late endorsement is discretionary with the trial court and is not reversible error unless the defendant shows prejudice by virtue of surprise and lack of an adequate opportunity to interview the witness. *People v. Bailey,* 191 Colo. 366, 552 P.2d 1014 (1976); *People v. Castango,* 674 P.2d 978 (Colo.App.1983).

In this case there is no showing that Wandel was surprised or prejudiced by the endorsement. Additionally, he did not request a continuance to interview the witness. Accordingly, the trial court did not abuse its discretion in allowing the endorsement. *See People v. Martinez,* 689 P.2d 653 (Colo.App.1984).

### V.

Wandel also asserts error in the court's rejection of certain jury instructions.

■ He first argues that the court should have instructed the jury that a person's presence alone in the vicinity of stolen property is insufficient to prove joint possession of the property. However, the evidence in this case showed other independent circumstances in addition to Wandel's presence from which the jury could find the defendant possessed burglary tools and stolen property. Thus, the instruction was properly refused. *See People v. Thorpe,* 40 Colo.App. 159, 570 P.2d 1311 (1977).

■ Wandel also argues that the trial court should have instructed the jury that the prosecution must prove that the habit-

ual counts were separately brought and tried, and arose out of separate and distinct criminal episodes. However, the instructions given to the jury specified the different dates of the two convictions and set forth what defendant had been convicted of in each case. Thus, taken as a whole, the instructions adequately informed the jury of the law. Accordingly, the trial court did not commit reversible error in refusing defendant's tendered instruction. *See People v. Mattas,* 645 P.2d 254 (Colo.1982); *People v. Montoya,* 640 P.2d 234 (Colo.App.1981).

### VI.

■ Wandel's final contention is that sentencing him as an habitual criminal pursuant to § 16–13–101(1), C.R.S. (1984 Cum. Supp.) constituted cruel and unusual punishment because none of the convictions were for violent crimes.

Wandel cites *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983) in support of his proposition. In *People v. Martinez, supra,* we held that our habitual criminal statutes do not fall within the condemnation of *Solem* because they provide for parole after a specific term is served. In accordance with the statute, Wandel is not deprived of the possibility of parole.

■ Defendant's first underlying felony conviction was based on a *nolo contendere* plea to theft (a class 5 felony). This resultant sentence was initially suspended on condition of completion of 120 days in the community corrections program with drug counseling, but this sentence suspension was later vacated upon non-fulfillment of the condition. Defendant's second underlying felony conviction was based on guilty pleas to second degree burglary (a class 4 felony), and theft (also a class 4 felony), crimes which involved a taking of over $10,000 from a commercial establishment. These underlying felony convictions were thus of such a nature that the record does not provide any support for Wandel's argument that the habitual criminal sentence constitutes cruel and unusual punishment as applied to him. *See People v. Gutierrez,* 622 P.2d 547 (Colo.1981).

The other issues raised by Wandel are without merit.

The judgment and sentence are affirmed.

KELLY and BABCOCK, JJ., concur.